**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe Garrison SMITH, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Leonard CAMPBELL, Defendant-Appellant.**

**Nos. 17874, 17875.**

United States Court of Appeals
Sixth Circuit.
May 3, 1968.

Alan E. Harazin, Court appointed, Cincinnati, Ohio, for appellant, Smith, Taft, Stettinius & Hollister, Cincinnati, Ohio, on the brief.

Jack A. Butler, Court appointed, Nashville, Tenn., for appellant, Campbell.

Rollie L. Woodall, Nashville, Tenn., for appellee, Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., on the brief.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

In these cases Joe Garrison Smith and James Leonard Campbell, appellants herein, appeal from convictions on a three-count indictment in the United States District Court for the Middle District of Tennessee. Count one charged the transportation of a stolen motor vehicle in violation of Sections 2312 and 2, Title 18, U.S.C.; count two charged bank robbery in violation of Sections 2113(a) and 2, Title 18, U.S.C., and count three charged taking and carrying away, with intent to steal, $9,418, the proceeds of the bank robbery, in violation of Sections 2313(b) and 2, Title 18, U.S.C.

The appellants were tried jointly before a jury, found guilty and sentenced to imprisonment. Each of the appellants was sentenced to five years on counts one and three, Smith was sentenced to fifteen years on count two and Campbell was sentenced to twelve years on count two. The sentences of both appellants were to run concurrently.

One of the assignments of error made on behalf of appellant Smith is that the court erred in denying a motion to suppress evidence seized without a search warrant at the time of the arrest of the appellants. The bank robbery occurred on July 1, 1966. A warrant for the arrest of Campbell was issued on July 2nd and a similar warrant for the arrest of Smith was issued on July 11th. The appellants were arrested on the morning of July 12th in a dwelling house of which Smith claimed to be the lessee. Incident to the arrest a search was conducted of the rooms occupied by the appellants. A .22 pistol and a .38 caliber revolver were found in a suitcase in the room occupied by Campbell. These guns

were the subject of the motion to suppress. They were identified at the trial as being the guns used by the appellants in the robbery. Upon consideration of the evidence we conclude that the search was reasonable and incident to lawful arrests. In United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430, 94 L.Ed. 653, the Court said: "The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable." See also Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145; Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.

■ Both appellants assign as error the denial of a motion for mistrial for the reason that one of the jurors saw some adverse publicity in the newspaper. One of the jurors saw a headline in a newspaper, "Fingerprints Linked to Bank Robbery Suspect," being held by someone across the breakfast table from her. The trial judge questioned the juror and determined that seeing this headline did not prejudice her judgment of the issues in the case. This is discretionary with the trial judge and he did not abuse his discretion. Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250.

■ The appellant Campbell assigns as error the admission into evidence of the testimony of an agent of the Federal Bureau of Investigation who took the fingerprints of Campbell which were identified with fingerprints on an exhibit introduced into evidence on behalf of the government. Agent Ploeger testified that in accordance with routine practice made in connection with all arrests the fingerprints of Campbell were taken on a card and sent to Washington for classification. This card was introduced into evidence and the fingerprints were identified as being the same that were found on an automobile registration certificate belonging to Campbell, which was found in the bank after the robbery.

It is claimed on behalf of Campbell that the taking of these fingerprints was a violation of his Fifth-Amendment right against self-incrimination.

We find no merit to this claim. Schmerber v. State of California, 384 U.S. 757, 760, 86 S.Ct. 1826, 16 L.Ed.2d 908; Gilbert v. State of California, 388 U.S. 263, 266, 87 S.Ct. 1951, 18 L.Ed.2d 1178; United States v. Wade, 388 U.S. 218, 221, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021.

■ ■ Another claim made on behalf of Campbell is that the trial judge erred in allowing jurors to take hand-written notes during the progress of the trial. After the trial one Lucille Harvey, a spectator at the trial, gave an affidavit stating that she saw one of the jurors, identified as juror No. 7, taking notes during the testimony of a Federal Bureau of Investigation witness. Apparently this was not observed by the trial judge or counsel during the trial of the case. This question was raised by appellant Smith on a motion for new trial but it does not appear from the record that appellant Campbell filed a motion for new trial. Since the question was not asserted by Campbell in the District Court, it cannot be raised for the first time in this Court. McDowell v. United States, 336 F.2d 435 (C.A. 6), cert. den. 379 U.S. 980, 85 S.Ct. 685, 13 L.Ed.2d 571; Bush v. United States, 347 F.2d 231 (C.A. 6), cert. den. 382 U.S. 995, 86 S.Ct. 579, 15 L.Ed. 2d 482; United States v. Bowling, 351 F.2d 236 (C.A. 6), cert. den. 383 U.S. 908, 86 S.Ct. 888, 15 L.Ed.2d 663, rehearing den. 383 U.S. 973, 86 S.Ct. 1269, 16 L.Ed.2d 313. Further, we do not consider the affidavit of the affiant sufficient to impeach the juror's verdict in the case. We do not know what the juror was writing—or whether he was even taking notes on the witnesses' testimony. The trial judge had no opportunity to inquire or caution the juror about taking notes. The record does not show that there was any effort to ascertain what the juror was writing or what influence

it had either on him or the rest of the jurors.

For the reasons herein stated, the judgments of the District Court are affirmed.