Charles Wayne O'NEAL, Petitioner,

v.

Harold R. SWENSON, Warden,
Respondent.

No. 1395.

United States District Court
W. D. Missouri,
Central Division.

July 24, 1969.

Everett S. Van Matre, Mexico, Mo.,
for petitioner.

John C. Danforth, Atty. Gen. of Missouri, Gene E. Voigts, Asst. Atty. Gen. Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This is a state prisoner habeas corpus case. Counsel stipulated that petitioner has exhausted his available state remedies in regard to the federal questions presented in this petition which were decided on their merits by the Supreme Court of Missouri on direct appeal in State v. O'Neal, (Div. 2, S.Ct.Mo.1968) 436 S.W.2d 241.

Petitioner bases his claim for federal habeas relief on the following two grounds:

(a) Petitioner was deprived of his constitutional rights against self-incrimination as guaranteed by Fifth Amendment to the Constitution of the United States in that statement made to police officers by defendant while in custody was admitted at trial over objections of defendant, even though no Miranda warnings were given.

(b) Petitioner was denied due process of law under Fifth and Fourteenth Amendments to Constitution of the United States in that trial was permitted to continue after juror attended public gatherings at various taverns, drank intoxicants, heard case commented on, engaged in arguments and altercations, and was assaulted, all during course of trial during recess, even though defendant sought discharge of juror and declaration of mistrial. Petitioner alleges that juror was subjected to improper influences and should not have been allowed to continue to serve on jury.

For the reasons we shall state, federal habeas corpus relief will be denied.

## I.

With respect to the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16

L.Ed.2d 694 (1966), question, the Supreme Court of Missouri made the following findings of fact:

It was shown the defendant made trips to wash his wife's face, to the bathroom, and some ten or fifteen minutes after Officer Poland first arrived, as he was facing away from any officers, and returning to the bedroom, and without any question being asked him by anyone, defendant said, "She's dead, I know she's dead, I shot her," and a few seconds later added, "Zip her up in a black rubber bag and ship her out. That's the way we do overseas." [436 S.W.2d at 243]

The transcript of the trial (pages 98, 101, 105, and 108) supports the Supreme Court's findings that the only question ever asked the defendant, "What happened here?" was asked ten to fifteen minutes before the defendant's statement was made (Tr. p. 78). We find and determine that all facts stated by the Supreme Court were reliably found. We therefore defer to that court's findings pursuant to Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The proper federal constitutional standard was enunciated as follows:

"In Miranda, 86 S.Ct. 1602, l. c. 1629, the Court said: "General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding. * * * *Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence.*" [Italics ours.]"

We further conclude that the Missouri Supreme Court properly applied the federal standard to the reliably found facts when it stated:

We hold that the evidence before the Court was abundantly adequate to show beyond a reasonable doubt that the statement of defendant was a voluntary statement made by defendant, spontaneously made at the scene, while not in custody, and at a time when he had not been and was not being interrogated by the police or anyone else. The trial court properly held this to be a voluntary statement which was admissible. [Ibid].

It is clear that petitioner was not being subjected to any interrogation and that petitioner's statement was, in fact, "freely and voluntarily [given] without any compelling influences."

The portion of *Miranda* which followed that quoted by the Supreme Court of Missouri went on to say that:

The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today. [384 U.S. at 478, 86 S.Ct. at 1630].

See also Hicks v. United States, (1967), 127 U.S.App.D.C. 209, 382 F.2d 158; Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969), is not factually comparable because "the officers *questioned* petitioner about incriminating facts" without informing him of his rights.

## II.

■ We turn now to petitioner's second alleged ground relating to the jury. The Supreme Court of Missouri made the following findings of fact in that regard:

The Court gave a very detailed and proper admonition of the duty of each juror to keep away from any outside matters which might influence them. After this admonition, a juror (not

the juror whose conduct is in question) asked if it was permissible for him to go out for the evening to a public eating place to celebrate his wife's birthday. The Court stated he saw nothing improper, but if anyone mentioned the case or any fact or circumstance, to walk away, and adding, apparently to counsel, "Do you gentlemen feel there is anything wrong with that?"

To this question and to this permissible conduct, defendant made no objection.

Juror Brewer, at the evening recess, with his wife went with another couple related to them to celebrate such other couple's Wedding Anniversary. They called during the course of the evening at several places where food and beer were sold and at a dance hall, drinking some beer, dancing and playing shuffleboard. At a tavern where a considerable and rather noisy crowd was gathered, a woman related to deceased asked what the juror was "doing out" and after this was explained she questioned the juror as to what he thought about the death penalty. Such juror advised he was not permitted to and would not talk to her. She then went to where the juror's wife was and persisted in asking questions of her; and after the juror came over and to avoid this action started for their home, when outside the building, this woman, after cursing, assaulted her. The juror came to his wife's rescue, put his hand on such person and his wife and requested them to cease. Then the juror was knocked down, by this woman's husband. There was nothing further. [436 S.W.2d 245–246].

The record amply supports these findings. We therefore defer and accept them. Townsend v. Sain, 372 U.S. 293 at 318, 83 S.Ct. 745.

The applicable federal standard is stated in Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954), as follows:

In a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant. Mattox v. United States, 146 U.S. 140, 148–150, [13 S.Ct. 50, 52–53, 36 L.Ed. 917]; Wheaton v. United States, 133 F.2d 522, 527. * * *

The integrity of jury proceedings must not be jeopardized by unauthorized invasions. The trial court should not decide and take final action *ex parte* on information such as was received in this case, but should determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate.

See also Irvin v. Dodd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961) and Baker v. Hudspeth, (10th Cir. 1942) 129 F.2d 779.

The trial court in this case, as distinguished from the factual situation presented in *Remmer*, held a hearing after it was advised of the incident, and again at the time of the motion for a new trial. On both occasions counsel for both sides were present. At the second hearing, the trial court investigated the circumstances, the impact on the juror, and whether the outside influence was prejudicial.

The Supreme Court of Missouri properly stated that "A declaration of mistrial rests largely in the discretion of the trial court who was in a better position than the Appellate Court to evalu-

ate whether the incident had any prejudicial effect." [436 S.W.2d at 246].

See Mattox v. United States, 146 U.S. 140, 147, 13 S.Ct. 50, 36 L.Ed. 917 (1892), for a like expression of federal law. In ruling the question against the petitioner, the Supreme Court stated:

The jurors, without objection by defendant, were told it was not improper for them to go to dinner at a public place. The juror, being at a tavern, acted with proper restraint. The record shows no misconduct on the part of the juror. The incident was immediately reported. The Court heard during the trial and fully in connection with defendant's Motion for New Trial the evidence concerning such matter. * * *

We think the record sustains the Court's findings and the juror was not subjected to improper influence. [436 S.W.2d at 246].

We find and determine that the Supreme Court of Missouri properly applied appropriate federal standards to facts which were reliably found. The trial court held a full and adequate evidentiary hearing on the question presented and made an appropriate determination which is supported by the record. Petitioner's contention could be said to be tenable only if the events which occurred established, *per se,* that a juror was subjected to improper influence. Compare United States v. Smith, (6th Cir. 1968) 393 F.2d 687. Counsel has cited no cases (and independent research reveals none) which support a contention that the facts and circumstances of this case present a *per se* situation.

We therefore conclude that the trial judge's determination as affirmed by the Supreme Court of Missouri was a proper application of federal constitutional law to reliably found facts. Compare United States v. Miller, 381 F.2d 529, 538–540 (2d Cir. 1967).

For the reasons stated, it is

Ordered that the petition for a writ of habeas corpus should be and hereby is dismissed.