Joe Garrison SMITH, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 19339.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 1970.

William H. Fellerhoff (court appointed), Cincinnati, Ohio, on brief, for petitioner-appellant.

Ira E. Parker, III, Nashville, Tenn., for respondent-appellee; Charles H. Anderson, U. S. Atty., Martha Craig Daughtrey, Asst. U. S. Atty., Nashville, Tenn., on the brief.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal, in forma pauperis, of an order entered by the District Court denying the Appellant, an inmate of the United States Penitentiary at Atlanta, his motion for a copy of all records of the Government's prior proceedings against him. While the Appellant has no other motion pending before the Court, he alleges that he is preparing a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

The Appellant has been convicted of bank robbery and violation of the Dyer Act and sentenced to two terms of five years, and one of fifteen years to run concurrently. At trial, Appellant was represented by personally retained counsel who, after the conviction, filed a motion for a new trial which was duly heard and overruled. Appellant's counsel then perfected an appeal to this Court. After the appeal was perfected, Appellant then moved for appointment of Court appointed counsel, which was granted to him. This Court in a full opinion affirmed Appellant's conviction in United States v. Smith, 393 F.2d 687 (6th Cir. 1968). On that appeal, Appellant's court appointed lawyer filed a brief for Appellant which included twenty-three pages of trial transcript and a supplemental brief for Appellant which included ten additional pages of transcript. It is clear, therefore, from the records on file with this Court that Appellant's appointed counsel must have had access to a transcript of the prior proceedings against the Appellant. Upon oral argument of the instant case, counsel for the Appellant conceded that in Appellant's prior action, court appointed counsel did have access to the Government's transcript of all the prior proceedings.

Subsequent to this Court's affirmation of Appellant's conviction, the Appellant has filed three separate motions for a trial transcript in order to prepare for future litigation. The prior two motions have been denied because there was no matter pending before any court to provide a basis for issuing such a transcript at the Government's expense.

In the instant action this Court must determine whether Appellant is entitled to a trial transcript at the Government's expense, solely for the purpose of preparing a motion pursuant to 28 U.S.C. § 2255.

■ In general, indigents are not accorded a right to a free transcript. The basis of this rule being to prevent the wasting of court time on frivolous appeals. It is assumed that, absent special circumstances, a man in custody can recall sufficiently the circumstances of a non-frivolous error to frame an appropriate motion to vacate sentence. Lucas v. United States, 423 F.2d 683 (6th Cir. 1970). Dorsey v. United States, 333 F.2d 1015 (6th Cir. 1964); Ketcherside v. United States, 317 F.2d 807 (6th Cir. 1963). See, Gardner v. California, 395 U.S. 925, 89 S.Ct. 1780, 23 L.Ed.2d 242 (1969) (concerning "special circumstances").

■ In the light of the United States Supreme Court's disposition of Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (decided January 13, 1970) and Title 28 U.S.C. § 753(f), we remand to the District Court for proceedings consistent therewith. See Lucas v. United States, 423 F.2d 683 (6th Cir. 1970). We do not reach the merits of what may be construed as collaterally alleged errors in Appellant's "Motion for a copy of the Records" in view of our disposition of this matter.