Joseph W. LUCAS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 19807.

United States Court of Appeals, Sixth Circuit.

April 2, 1970.

---

* Honorable J. Warren Madden, Judge of the United States Court of Claims, sitting by designation.

Joseph William Lucas, in pro per.

Ernest W. Rivers, U. S. Atty., John L. Smith, Asst. U. S. Atty., Louisville, Ky., for appellee on the brief.

Before CELEBREZZE, PECK and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court for the Western District of Kentucky of a denial of Appellant's motion for permission to obtain court records in forma pauperis.

The Appellant was convicted in April, 1965, for a violation of 18 U.S.C. § 2113(d) and sentenced to a term of twenty-five years in federal prison. The conviction was affirmed on appeal to this Court. Lucas v. United States, 360 F.2d 937 (6th Cir. 1966), cert. denied, 385 U.S. 875, 87 S.Ct. 152, 17 L. Ed.2d 102. Appellant alleges that although he had court appointed counsel, he was not furnished free transcripts for the purpose of taking his direct appeal. He alleges no other errors as a basis for receiving a transcript, claiming he needs such a transcript to frame a motion under 28 U.S.C. § 2255.

It is generally accepted that absent a special showing of necessity, United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964), an indigent prisoner is not entitled to a free transcript for the sole purpose of framing a motion under Section 2255. As this Court observed in Smith v. United States, 421 F.2d 1300 (6th Cir. Feb. 10, 1970),

"In general, indigents are not accorded a right to a free transcript [to frame a motion pursuant to 28 U.S.C. § 2255]. The basis of this rule being to prevent the wasting of court time on frivolous appeals. It is assumed that, absent special circumstances, a man in custody can recall sufficiently the circumstances of a nonfrivolous error to frame an appropriate motion to vacate sentence. Dorsey v. United States, 333 F.2d 1015 (6th Cir. 1964) ; Ketcherside v. United States, 317 F.2d 807 (6th Cir. 1963).

Recently, the United States Supreme Court has intimated some departure from our language in Smith. Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970). Wade involved an indigent prisoner who had been entitled as a matter of state law to a free transcript on direct appeal which his court appointed counsel borrowed for purposes of that direct appeal. In a subsequent action the prisoner was held to be entitled to borrow, or otherwise obtain, a free transcript to prepare a petition for collateral relief. In so holding the United States Supreme Court noted that its decision was based on the special circumstances of the California state laws and procedures legally entitling the indigent to a transcript on his original appeal of which he was subsequently deprived. They refrained from deciding whether

"the Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief." 396 U.S. at 286, 90 S.Ct. at 505.

The facts of the instant case do not reveal any "special circumstances" which mandate a departure from the general rule expressed in Smith v. United States. Unlike Wade, the Appellant was neither entitled to a free transcript on direct appeal as a matter of law, nor does he allege that he had access to a transcript and was unlawfully deprived of it.

The general rule on direct appeal is that an accused may receive a free transcript in the discretion of the District

Court. 28 U.S.C. §§ 753, 1915. Only under "special circumstances", such as where a transcript is absolutely necessary to take an effective appeal, is an indigent accused entitled, as a matter of law, to a free transcript. Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); Coopedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed. 2d 21 (1962); See Eskridge v. Washington State Bd. of Prison Terms & Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969). None of these circumstances of entitlement on direct appeal is alleged in the instant case, nor does the accused allege the unlawful deprivation of a borrowed transcript.

We conclude that there are no "special circumstances" which require us to depart from the prevailing rule of Smith v. United States, supra; Dorsey v. United States, supra; and Ketcherside v. United States, supra. The judgment of the District Court denying Appellant a free transcript in order to frame a motion pursuant to 28 U.S.C. § 2255 is affirmed.