**Norman G. BERNIER, Petitioner, Appellant,**

v.

**Robert J. MOORE, Superintendent, etc., Respondent, Appellee.**

**Misc. No. 462.**

United States Court of Appeals, First Circuit.

April 22, 1971.

Norman G. Bernier, pro se, on application for certificate of probable cause.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■ This petition for habeas corpus relief presents a question which is arising with increasing frequency, whether a defendant whose attack on his state conviction has been reviewed by the state courts is entitled to further review in the federal system simply for the asking. We hold he is not. The fundamental purpose of habeas corpus would be undermined if the writ were prostituted by holding it out as available upon mere "notice" or token pleading, without any showing of entitlement. We do not accept the burden, upon ourselves and other litigants alike, that

would follow if state defendants, simply by making conclusory allegations, could require district judges—and, inevitably, on appeal, three circuit judges—to read the records and transcripts of their state trials. Habeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them, nor a means of requiring the federal courts to review, as a matter of course, state proceedings.

■ Mere assertions of ineffective counsel, for example, are not enough. Nor is it sufficient to refer to an act or omission of counsel, as does petitioner in this case, without indicating why it constituted gross impropriety or prejudicial misconduct. Cf. Commonwealth v. Bernier, 1971 Mass.A.S. 299, 267 N.E.2d 636. It is well within the discretion of the district courts to refuse to order a hearing in such circumstances. Cf. Sanders v. United States, 1963, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148; Machibroda v. United States, 1962, 368 U.S. 487, 495–496, 82 S.Ct. 510, 7 L.Ed. 2d 473.

■ Petitioner makes the customary allegation that he is a layman unlearned in the law, adding that we should construe his pleadings liberally. We have remarked before upon the singular circumstance that defendants who are unlearned in the law in all other respects possess a special expertise enabling them to know that their counsel has been guilty of misconduct amounting to the denial of a constitutional right. If in fact a defendant possesses this knowledge, well and good; he should inform the court of the factual basis for his conclusion. If he does not, then his recitation of standard claims and stock phrases will not be regarded an adequate claim for habeas corpus relief. As we said in Aubut v. Maine, 1 Cir., 1970, 431 F.2d 688, 689, accumulated experience indicates that the likelihood of injustice resulting from such a rule is remote. A contrary rule could only lead to unwarranted abuse.

The certificate of probable cause for appeal is denied.