**Lloyd G. ELLIS, Petitioner,**

v.

**STATE OF MAINE et al., Respondents.**

**Misc. No. 499.**

United States Court of Appeals,
First Circuit.

Oct. 4, 1971.

Lloyd G. Ellis, pro se, on application for certificate of probable cause and memorandum in support thereof.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

 This case is another all-too-frequent product of the erroneous view that if one alleges a loss of constitutional rights a full review of all state court convictions may be had for the asking —or, at least, that there is no harm in trying. We reiterate that we do not propose to overrule a district court's denial of a certificate of probable cause for appeal, after ruling against the petitioner, unless there is affirmatively demonstrated to us that such cause in fact exists. Bernier v. Moore, 1 Cir., 1971, 441 F.2d 395; Aubut v. Maine, 1 Cir., 1970, 431 F.2d 688, 689. Nor does it follow, however plausible it may sound, that a petitioner, by asserting that he cannot demonstrate that his rights have been infringed, must be given an attorney and a transcript so that he may discover and then show that in fact such occurred. Regarding appointment of counsel for that purpose, we adhere to our views expressed in Aubut v. Maine, ante at 689. As to the request for a transcript, it is important to note that we are not here concerned with a direct appeal from a conviction, or a state habeas which takes the place of such an appeal, where a transcript may be a matter of right without showing merit in the appeal. Gardner v. California, 1969, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601. Appellant's petition is wholly for collateral relief. For this unusual and exceptional relief there should be a burden upon the petitioner to come into court with his case, not simply to try to make one out. This does not mean, of course, with his full case, but he must show merit, not just personal opinion.

 The Supreme Court has reserved decision on whether an indigent habeas petitioner is entitled to a free transcript as of course simply in order that he may search for error. Wade v. Wilson, 1970, 396 U.S. 282, 286, 90 S.Ct. 501, 24 L.Ed.2d 470. We agree with the post-*Wade* opinion of the Tenth Circuit that he is not. Hines v. Baker, 10 Cir., 1970, 422 F.2d 1002, 1006. With parties in direct appeals being presently delayed in the prosecution thereof, in some cases for months, because of the inability of court reporters to keep abreast of their work, we are not about further to inconvenience other litigants, and the courts generally, in order to give a prisoner who has already had one full review an opportunity for collateral relief founded upon generalizations and hope.

 Furthermore, petitioner has a more basic problem. If, as there is some suggestion in the record, petitioner's state-appointed counsel already has a copy of the transcript but refuses to give it to him, the obvious remedy is to apply in the state court for an appropriate order. Indeed, this should be the normal procedure in all cases where a state prisoner wishes a transcript. Snyder v. Nebraska, 8 Cir., 1970, 435 F.2d 679. We note, further, as the court pointed out in Chavez v. Sigler, 8 Cir., 1971, 438 F.2d 890, at 894, "[the] mere request for a transcript from the state court, without more, does not constitute an exhaustion of his remedies as required by 28 U.S.C. § 2254."

 The district court, on full examination of the record, found that the state court had fairly found that petitioner's complaint with his concededly competent trial counsel was because counsel would not assist him to manufacture a defense, and, further, that his plea of guilty was voluntarily and understandably made. In the absence of any showing that this was error, that is the end of that.

 One matter does call for comment. A perhaps understandable confusion appears in respect to petitioner's claim that he was not told that he could appeal from the denial of his motion to dismiss the indictment. The Maine Supreme Judicial Court ruled that, proce-

durally, he had such a right, but that the failure to inform him was not prejudicial in his case because the appeal would have been frivolous. Ellis v. State (Me.1971), 277 A.2d 120. Petitioner, in complaining, confuses this result with the principle that ordinarily where a defendant is not informed of his right of appeal he had no burden to show in the district court that the appeal would have had merit. Rodriquez v. United States, 1969, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340. The present case is different. When the appellate court in fact ruled on the merits, and found the appeal frivolous, petitioner has had his full day in court. In the cases which petitioner cites the defendant's basic appeal never was considered.

■ We add one final matter, not for this case, but with an eye to the future. In a growing number of petitions, of which this is one, the petitioner appears pro se, asserts complete ignorance of the law, and then presents a brief which, however insufficient, was manifestly written by someone with some legal knowledge. We are entirely agreeable to a petitioner having what is colloquially termed a jailhouse lawyer. What we fear is that in some cases actual members of the bar represent petitioners, informally or otherwise, and prepare briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar, typified by F.R.Civ.P. 11, but which exists in all cases, criminal as well as civil, of representing to the court that there is good ground to support the assertions made. We cannot approve of such a practice. If a brief is prepared in any substantial part by a member of the bar, it must be signed by him. We reserve the right, where a brief gives occasion to believe that the petitioner has had legal assistance, to require such signature, if such, indeed, is the fact.

A certificate of probable cause to appeal is refused.

Cert. denied 404 U.S. 1019