Alexander Chananau, J.
The defendant’s conviction was affirmed by the Appellate Division, First Department (People v. Alvarez, 42 A D 2d 1051) and leave to appeal to the Court of Appeals was denied.
He now moves this court for an order granting him a transcript of the trial minutes, free of charge as an indigent, so that he may apply for certiorari to the Supreme Court of the United States. He claims that without the trial record he cannot adequately prepare the application and that the failure to give him a copy deprives him of equal protection of the law inasmuch as a nonindigent defendant would have the transcript available on the payment of the necessary stenographic fees.
The Supreme Court of the United States has expanded on the right of poor defendants to obtain a free transcript of the trial record for the purpose of appealing a conviction or a habeas corpus proceeding. (See Convicted Indigent Expense of Appeal, Ann. 21 L. ed. 2d 879; Mayer v. City of Chicago, 404 U. S. 189.) The State of New York has provided for free transcripts of the trial proceedings for the purpose of an appeal from a judgment of conviction on post-conviction remedies in subdivision 1 of CPL 460.70.
The court has found no case, nor has any been referred to its attention, dealing with the precise issue presented here. The defendant has been afforded his rights as an indigent for the *161 purpose of his appeal in the State court from the judgment. The right to appeal is statutory (People v. Gersewitz, 294 N. Y. 163) and the jurisdiction of an appellate court cannot be extended without legislative sanction (People v. Zerillo, 200 N. Y. 443). While an indigent defendant is entitled to free transcripts for appellate purposes of proceedings which resulted in the conviction, the right to appeal terminates with the Court of Appeals. There is no authority, statutory or otherwise, which authorizes the court to make available to an indigent defendant a free transcript of the trial for the purpose of applying to the Supreme Court of the United States for certiorari.
The Rules of the Supreme Court regarding an application for a writ of certiorari provide that a review is not a matter of right (rule 19); that a party may request the Clerk of the court having possession of the record to certify it and forward it, but the petition for review may be filed without the record (rule 21). Rule 53 refers to proceedings in the forma pauperis wherein the Supreme Court, on its own motion, may obtain a copy of the record if the indigent’s position comes within the statutory requirements. Thus, an indigent defendant has no absolute right to a copy of a trial record simply because he desires to petition for certiorari.
There being no statutory basis for the relief sought, the claim of equal protection of the law must be examined to determine whether there is a compelling interest which dictates granting the application.
In People v. Zabrocky (26 N Y 2d 530, 536), the Court of Appeals reviewed its pronouncements regarding the right of an indigent defendant to free transcripts of minutes pertaining to pretrial and trial proceeding, stating: “As to appellant’s claim to a free daily transcription of all minutes, we have recently held that a defendant is not entitled to daily minutes (People v. Abdullah, 23 N Y 2d 676). Appellants are, however, entitled to a new trial because the trial court erroneously denied appellants a copy of the minutes of the suppression hearing. We have held that indigent defendants have a constitutional right to firee transcripts of preliminary hearings (People v. Montgomery, 18 N Y 2d 993) and to minutes of a prior trial or of the Grand Jury (People v. Ballott, 20 N Y 2d 600). In People ex rel. Cadogan v. McMann (24 N Y 2d 233) we wrote that although these rights are not available in postconviction habeas corpus proceedings, ‘ The Montgomery-Ballott rules must, as a matter of logic and fairness, also extend to the minutes of pretrial suppression hearings ’ (Cadogan, supra, at p. 240).”
*162 While the court did not explain its reasoning for the Abdullah holding (People v. Abdullah, 23 N Y 2d 676), the basis for the holding may be found in Cadogan (People ex rel. Cadogan v. McMann, 24 N Y 2d 233, 240), where it was held: “ As already noted, in this context, it is material that relator and his first lawyer were present at the suppression hearing. Thus, there was knowledge of what occurred and an opportunity to make notes.”
In any event, it is apparent that inability to pay for transcripts even though a person with financial means could obtain them does not always give rise, ipso facto, to a violation of equal protection where the court refuses to order them for an indigent defendant.
In this case, the defendant was present at the trial, the issues were framed for the appeal by defense counsel and the defendant could have communicated with his appellate lawyer regarding any constitutional question that could have been raised on the appeal which would be a basis for reversal. Therefore, having knowledge of the proceedings, there is no compelling necessity to give him a copy of the trial record. While the defendant takes issue with the District Attorney’s statement that the only purpose for demanding the record is to search for error, it is inherent in the supporting affidavit that such is the purpose. Wade v. Wilson (393 U. S. 1079) did not answer the question as to whether a State prisoner is entitled to a free transcript to aid him in preparing a collateral attack on the judgment. However, in Ellis v. State of Maine (448 F. 2d 1325) and Hines v. Baker (422 F. 2d 1002) it was held that a defendant is not entitled to a free transcript of State court proceedings for the purpose of collaterally attacking a conviction where no error is alleged.
Therefore, the court rules that the defendant has not made a sufficient showing that he is constitutionally entitled to a copy of the trial record in this case.
The motion is accordingly denied.