**Kenneth TATE, Petitioner,**

v.

**Gary LIVESAY, etc., et al., Respondents.**

**Civ. A. No. 3:84–0376.**

United States District Court, M.D. Tennessee, Nashville Division.

April 17, 1984.

On Motion for Rehearing May 14, 1984.

Kenneth Tate, pro se.

William M. Leech, Jr., Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATES

NEESE, Senior District Judge, Sitting by Designation and Assignment.

This is a *pro se* application by a state prisoner, Mr. Kenneth Tate, for the federal writ of habeas corpus. He claims he is in the custody of the respondent-warden pursuant to the judgment of March 9, 1984 of the Circuit Court of Franklin County, Tennessee in violation of the federal Constitution, 28 U.S.C. § 2254(a), because of the " * * * [d]enial of the right to appeal" his conviction.

▋ Upon examination of such application on preliminary consideration, it appears plainly from the face of such petition that the petitioner is entitled to no relief in this Court. Rule 4, 28 U.S.C. fol. § 2254. A state-prisoner " * * * has no federal constitutional right to appeal * * * " his conviction in a state court. *Cleaver v. Bordenkircher*, 634 F.2d 1010, 1011[1] (6th Cir. 1980), *cert. den. sub nom. Sowders v. Cleaver*, 451 U.S. 1008, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981), citing *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038[1], 52 L.Ed.2d 651 (1977) ("[I]t is well settled that there is no constitutional right to an appeal. *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 87 (1894).")

" * * * A federal * * * writ of habeas corpus * * * reaches only convictions obtained in violation of some provision of the United States Constitution. * * * " *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948[6], 71 L.Ed.2d 78 (1982). The applicant, being entitled to no relief herein, it hereby is

ORDERED:

1. that the petition herein is DISMISSED summarily, Rule 4, *supra;*

2. the petitioner will be so notified forthwith by the clerk, *id.;* and

3. the clerk will serve forthwith by certified mail a copy of the petition herein and of this order on the respondent-warden and the attorney general and reporter of the state of Tennessee, each, *id.*

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, Rule 58(1), F.R.Civ.P., it hereby is CERTIFIED by the undersigned that such appeal could not be taken in good faith 28 U.S.C. § 1915(a), for the reason that this Court lacks clearly jurisdiction of the subject-matter hereof, *id.;* Rule 24(a),

F.R.App.P. Any such notice shall be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P., which shall NOT issue because the petitioner made no substantial showing of a denial of his federal right. *See Barefoot v. Estelle,* 463 U.S. 880, 891–894, 103 S.Ct. 3383, 3393–3394[10, 11], 77 L.Ed.2d 1090 (1983).

### ON MOTION FOR REHEARING

The petitioner moved the Court on May 4, 1984 "to rehear" its order herein of April 17, 1984, dismissing his application for the federal writ of habeas corpus.* Such motion hereby is

DENIED, because:

■ (1) The Constitution does not require that an indigent-defendant be provided a free transcript for use in attacking his conviction collaterally where, as here, such a transcript was available on direct appeal. *United States v. MacCollom,* 426 U.S. 317, 325–326, 96 S.Ct. 2086, 2092[8], 48 L.Ed.2d 666 (1976) (plurality opinion), cited in *Johnson v. Hubbard,* 698 F.2d 286, 289, n. 1 (6th Cir.1983), *cert. den.* — U.S. —, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983), for the proposition that due process does not require a free-transcript on appeal for an indigent-plaintiff in a habeas corpus action.

■ (2) An indigent-prisoner is not entitled to a free-transcript merely for the purpose of searching it for grounds for a possible application for post-conviction or habeas corpus relief. *Bentley v. United States,* 431 F.2d 250, 254[3] (6th Cir.1970), *cert. den.* 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971); *Lucas v. United States,* 423 F.2d 683, 684–685 [5] (6th Cir. 1970); *Ellis v. State of Maine,* 448 F.2d 1325, 1327[3] (1st Cir.1971).

* The Court deems such motion as arising under Rule 60(b), F.R.Civ.P., since it was not served within the 10-day period established by Rules 52(b), 59(e), F.R.Civ.P. *See Browder v. Director, Dept. of Corrections of Ill.,* 434 U.S. 257, 261–263, 98 S.Ct. 556, 559–560 n. 5 & n. 7, 54 L.Ed.2d 521 (1978).