March 15, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2054 

 ANDRE LOPEZ POLANCO,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]
 

 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges.
 

 

Andre Lopez Polanco on brief pro se.
 
Richard S. Cohen, United States Attorney, Margaret D. McGaughey,
 
Assistant United States Attorney, and Thimi R. Mina, Assistant United
 
States Attorney, on brief for appellee.

 

 

 Per Curiam. Andre Lopez Polanco was convicted of
 

sentence. He now appeals the district court's summary
and abetting the possession with intent to distribute
conspiring to distribute cocaine and of possessing and aiding
conspiring to possess with intent to distribute and of

dismissal of his motion. We affirm.
Polanco brought a motion under 28 U.S.C. 2255 to vacate his
cocaine. After we confirmed his conviction on appeal,

it did not tell the jury what its final decision was; (3) the
following grounds for relief: (1) he received ineffective

telephone conversation; (2) the district court told the jury
challenge the court's admission of testimony about a certain
assistance of counsel because his appellate attorney did not

final ruling after all the evidence had been presented, but
that it would admit that testimony conditionally and make a

four-level increase in his base offense level for being a
 In his section 2255 motion, Polanco alleged the

testimony of witnesses hoping to receive lesser sentences,

have distributed was calculated by adding together the
a conviction"; (4) the quantity of cocaine he was alleged to

amounts the government's witnesses stated they had received
rendering such testimony "a form of coercion in order to get

two-level increase in offense level for obstruction of
from him, amounts which could have been fabricated; (5) the
leader and organizer was wrong because it was based on the

justice, which the court based on his perjury at trial,
violated his "right to self-defense"; and (6) the district

court did not hold an evidentiary hearing. 

 We have stated that summary dismissal is

appropriate when a section 2255 petition is inadequate on its

face, or is conclusively refuted as to the alleged facts by

the files and records of the case. Barrett v. United States,
 

965 F.2d 1184, 1186 (1st Cir. 1992). Summary dismissal

without an evidentiary hearing is also proper if the grounds

for relief stated in the motion are conclusory

generalizations or assertions without "sufficiently

particular and supportive allegations of fact" showing why

habeas relief is warranted. Id.; see also Bernier v. Moore,
 

441 F.2d 395, 396 (1st Cir. 1971) (per curiam); Aubut v.
 

Maine, 431 F.2d 688, 689 (1st Cir. 1970). Because Polanco's
 

motion is inadequate on its face, presenting claims which are

either refuted as to alleged facts by the record, conclusory

or otherwise without merit, we affirm the dismissal of

Polanco's petition. 

 1. Ineffective Assistance of Counsel
 

 Polanco alleges that his appellate counsel rendered

ineffective assistance by not challenging the trial court's

admission of testimony about a certain telephone conversation

which Polanco alleges was hearsay. A claim of ineffective

assistance of counsel is properly raised in a section 2255

motion, see United States v. Caggiano, 899 F.2d 99, 100 (1st
 

 -3-

Cir. 1990), but Polanco's claim fails for lack of

specificity. Polanco provides no identifying details about

the conversation he is referring to, and does not say which

witness testified about the conversation. Although the

transcripts submitted to this court contain testimony about a

telephone conversation which is probably the one in question,

other trial transcripts were not made available to this

court, and so we cannot know for sure that the conversation

in the transcripts we have is the relevant conversation. In

any event, Polanco does not explain how admission of

testimony about that telephone conversation prejudiced him,

and prejudice is not apparent from the record. Three

witnesses independently testified that Polanco had provided

them with cocaine, which they distributed, that they had paid

the proceeds from their cocaine sales to Polanco, and that

they had made out-of-state trips with Polanco to pick up

cocaine for distribution within the state. That evidence was

sufficient to convict him of the drug charges against him. 

 We have said that it is well within the district

court's discretion to decline to hold a hearing where a

habeas petitioner merely states what counsel's alleged act or

omission is without explaining why it constituted "gross

impropriety or prejudicial misconduct." Bernier, 441 F.2d at
 

396. This is so even where the petitioner is proceeding pro

 -4-

se. Id. Because Polanco did not provide any factual details
 

to support his claim of ineffective assistance of counsel,

and the record suggests that no such facts exist, summary

dismissal was appropriate.

 2. Remaining Claims
 

 In view of the fact that Polanco's remaining claims

have no merit and have been waived, as described below, we

need not consider whether they are properly brought in a

section 2255 proceeding. 

 Polanco complains that the district court did not

confirm for the jury that certain testimony had been

correctly admitted, but he does not describe how that

omission prejudiced him. Nor can we see how the court's

failure to confirm at the conclusion of trial that certain

evidence had been properly admitted could have prejudiced

Polanco. Had the court determined that it had erred in

admitting the evidence, and then failed to inform the jury of

its decision, obviously Polanco could have been prejudiced by

the jury's consideration of the improperly admitted evidence.

Here, however, the evidence was found to have been properly

admitted, and so the jury's consideration of the evidence was

entirely appropriate and the court's failure to verify that

could not have prejudiced Polanco. 

 Polanco also claims that the increase in his base

offense level for being a leader and organizer was wrong

 -5-

because it was based on the testimony of witnesses hoping to

receive lesser sentences. Thus, Polanco does not actually

challenge the court's finding that Polanco was a leader and

organizer, but essentially assails the credibility of the

witnesses testifying against him. On direct examination,

those witnesses described the nature of their agreement to

cooperate with the government, and Polanco's counsel

thoroughly cross-examined them on that subject, providing the

jury an adequate basis for judging their credibility.

Consequently, we find no merit in this claim of error. 

 Nor is there merit in Polanco's claim that the

quantity of drugs he allegedly distributed was improperly

based on testimony given at trial. Polanco's only challenge

to that testimony is his bare speculation that it might have

been fabricated. Again, Polanco's counsel vigorously cross-

examined the witnesses in question. Furthermore, at

sentencing his counsel conceded that the presentence report's

statement of the amounts of drugs distributed accurately

reflected their testimony. 

 Finally, Polanco claims that enhancing his sentence

for obstruction of justice because of his trial testimony was

a violation of his right to testify in his own defense. That

bare allegation is insufficient to state a claim for relief.

The district court determined that Polanco -- who had

testified that he had not been involved in any way in the

 -6-

alleged distribution of cocaine -- had committed perjury

during the trial. Polanco does not dispute the district

court's finding before this court. In fact, he practically

confirmed his perjury by asking the district court before

sentencing whether there was "some way that I can collaborate

with the government," complaining that no one had ever asked

him whether he wished to collaborate. Case law makes clear

that a defendant's right to testify on his own behalf does

not include the right to commit perjury, and thus Polanco's

claim must fail. See Nix v. Whiteside, 475 U.S. 157, 173
 

(1986) ("Whatever the scope of a constitutional right to

testify, it is elementary that such a right does not extend

to testifying falsely.") (emphasis in original); United
 

States v. Grayson, 438 U.S. 41, 54 (1978) ("[t]he right
 

guaranteed by law to a defendant is narrowly the right to

testify truthfully in accordance with [his] oath . . . ");

see also United States v. Batista-Polanco, 927 F.2d 14, 22
 

(1st Cir. 1991) (the obstruction of justice enhancement for

falsely testifying in one's own defense does not implicate a

constitutional right); United States v. Akitoye, 923 F.2d
 

221, 228 (1st Cir. 1991) (the obstruction of justice

enhancement for false trial testimony does not chill a

defendant's exercise of sixth amendment rights).

 Finally, we note that, although Polanco was

represented by counsel, he failed to raise the above claims

 -7-

in his direct appeal, thereby waiving them unless he shows

cause and prejudice under United States v. Frady, 456 U.S.
 

152, 167 (1982). See United States v. Biberfeld, 957 F.2d
 

98, 104 (3d Cir. 1992) (the waiver of a section 2255 claim

may be excused where the defendant shows cause and actual

prejudice). Polanco has made no such showing and does not

allege that his attorney rendered him ineffective assistance

of counsel in failing to raise these issues on appeal.

Accordingly, we conclude that summary dismissal of his motion

without an evidentiary hearing was proper.

 The judgment of the district court is affirmed.
 

 -8-