USCA1 Opinion

 

 March 15, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2054 ANDRE LOPEZ POLANCO, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Andre Lopez Polanco on brief pro se. ___________________ Richard S. Cohen, United States Attorney, Margaret D. McGaughey, ________________ ______________________ Assistant United States Attorney, and Thimi R. Mina, Assistant United _____________ States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Andre Lopez Polanco was convicted of __________ sentence. He now appeals the district court's summary and abetting the possession with intent to distribute conspiring to distribute cocaine and of possessing and aiding conspiring to possess with intent to distribute and of dismissal of his motion. We affirm. Polanco brought a motion under 28 U.S.C. 2255 to vacate his cocaine. After we confirmed his conviction on appeal, it did not tell the jury what its final decision was; (3) the following grounds for relief: (1) he received ineffective telephone conversation; (2) the district court told the jury challenge the court's admission of testimony about a certain assistance of counsel because his appellate attorney did not final ruling after all the evidence had been presented, but that it would admit that testimony conditionally and make a four-level increase in his base offense level for being a In his section 2255 motion, Polanco alleged the testimony of witnesses hoping to receive lesser sentences, have distributed was calculated by adding together the a conviction"; (4) the quantity of cocaine he was alleged to amounts the government's witnesses stated they had received rendering such testimony "a form of coercion in order to get two-level increase in offense level for obstruction of from him, amounts which could have been fabricated; (5) the leader and organizer was wrong because it was based on the justice, which the court based on his perjury at trial, violated his "right to self-defense"; and (6) the district court did not hold an evidentiary hearing. We have stated that summary dismissal is appropriate when a section 2255 petition is inadequate on its face, or is conclusively refuted as to the alleged facts by the files and records of the case. Barrett v. United States, _______ _____________ 965 F.2d 1184, 1186 (1st Cir. 1992). Summary dismissal without an evidentiary hearing is also proper if the grounds for relief stated in the motion are conclusory generalizations or assertions without "sufficiently particular and supportive allegations of fact" showing why habeas relief is warranted. Id.; see also Bernier v. Moore, ___ ________________ _____ 441 F.2d 395, 396 (1st Cir. 1971) (per curiam); Aubut v. _____ Maine, 431 F.2d 688, 689 (1st Cir. 1970). Because Polanco's _____ motion is inadequate on its face, presenting claims which are either refuted as to alleged facts by the record, conclusory or otherwise without merit, we affirm the dismissal of Polanco's petition. 1. Ineffective Assistance of Counsel _________________________________ Polanco alleges that his appellate counsel rendered ineffective assistance by not challenging the trial court's admission of testimony about a certain telephone conversation which Polanco alleges was hearsay. A claim of ineffective assistance of counsel is properly raised in a section 2255 motion, see United States v. Caggiano, 899 F.2d 99, 100 (1st _________________ ________ -3- Cir. 1990), but Polanco's claim fails for lack of specificity. Polanco provides no identifying details about the conversation he is referring to, and does not say which witness testified about the conversation. Although the transcripts submitted to this court contain testimony about a telephone conversation which is probably the one in question, other trial transcripts were not made available to this court, and so we cannot know for sure that the conversation in the transcripts we have is the relevant conversation. In any event, Polanco does not explain how admission of testimony about that telephone conversation prejudiced him, and prejudice is not apparent from the record. Three witnesses independently testified that Polanco had provided them with cocaine, which they distributed, that they had paid the proceeds from their cocaine sales to Polanco, and that they had made out-of-state trips with Polanco to pick up cocaine for distribution within the state. That evidence was sufficient to convict him of the drug charges against him. We have said that it is well within the district court's discretion to decline to hold a hearing where a habeas petitioner merely states what counsel's alleged act or omission is without explaining why it constituted "gross impropriety or prejudicial misconduct." Bernier, 441 F.2d at _______ 396. This is so even where the petitioner is proceeding pro -4- se. Id. Because Polanco did not provide any factual details ___ to support his claim of ineffective assistance of counsel, and the record suggests that no such facts exist, summary dismissal was appropriate. 2. Remaining Claims ________________ In view of the fact that Polanco's remaining claims have no merit and have been waived, as described below, we need not consider whether they are properly brought in a section 2255 proceeding. Polanco complains that the district court did not confirm for the jury that certain testimony had been correctly admitted, but he does not describe how that omission prejudiced him. Nor can we see how the court's failure to confirm at the conclusion of trial that certain evidence had been properly admitted could have prejudiced Polanco. Had the court determined that it had erred in admitting the evidence, and then failed to inform the jury of its decision, obviously Polanco could have been prejudiced by the jury's consideration of the improperly admitted evidence. Here, however, the evidence was found to have been properly admitted, and so the jury's consideration of the evidence was entirely appropriate and the court's failure to verify that could not have prejudiced Polanco. Polanco also claims that the increase in his base offense level for being a leader and organizer was wrong -5- because it was based on the testimony of witnesses hoping to receive lesser sentences. Thus, Polanco does not actually challenge the court's finding that Polanco was a leader and organizer, but essentially assails the credibility of the witnesses testifying against him. On direct examination, those witnesses described the nature of their agreement to cooperate with the government, and Polanco's counsel thoroughly cross-examined them on that subject, providing the jury an adequate basis for judging their credibility. Consequently, we find no merit in this claim of error. Nor is there merit in Polanco's claim that the quantity of drugs he allegedly distributed was improperly based on testimony given at trial. Polanco's only challenge to that testimony is his bare speculation that it might have been fabricated. Again, Polanco's counsel vigorously cross- examined the witnesses in question. Furthermore, at sentencing his counsel conceded that the presentence report's statement of the amounts of drugs distributed accurately reflected their testimony. Finally, Polanco claims that enhancing his sentence for obstruction of justice because of his trial testimony was a violation of his right to testify in his own defense. That bare allegation is insufficient to state a claim for relief. The district court determined that Polanco -- who had testified that he had not been involved in any way in the -6- alleged distribution of cocaine -- had committed perjury during the trial. Polanco does not dispute the district court's finding before this court. In fact, he practically confirmed his perjury by asking the district court before sentencing whether there was "some way that I can collaborate with the government," complaining that no one had ever asked him whether he wished to collaborate. Case law makes clear that a defendant's right to testify on his own behalf does not include the right to commit perjury, and thus Polanco's claim must fail. See Nix v. Whiteside, 475 U.S. 157, 173 ________ _________ (1986) ("Whatever the scope of a constitutional right to testify, it is elementary that such a right does not extend to testifying falsely.") (emphasis in original); United _______ ______ States v. Grayson, 438 U.S. 41, 54 (1978) ("[t]he right ______ _______ guaranteed by law to a defendant is narrowly the right to testify truthfully in accordance with [his] oath . . . "); see also United States v. Batista-Polanco, 927 F.2d 14, 22 _______________________ _______________ (1st Cir. 1991) (the obstruction of justice enhancement for falsely testifying in one's own defense does not implicate a constitutional right); United States v. Akitoye, 923 F.2d ______________ _______ 221, 228 (1st Cir. 1991) (the obstruction of justice enhancement for false trial testimony does not chill a defendant's exercise of sixth amendment rights). Finally, we note that, although Polanco was represented by counsel, he failed to raise the above claims -7- in his direct appeal, thereby waiving them unless he shows cause and prejudice under United States v. Frady, 456 U.S. _____________ _____ 152, 167 (1982). See United States v. Biberfeld, 957 F.2d __________________ _________ 98, 104 (3d Cir. 1992) (the waiver of a section 2255 claim may be excused where the defendant shows cause and actual prejudice). Polanco has made no such showing and does not allege that his attorney rendered him ineffective assistance of counsel in failing to raise these issues on appeal. Accordingly, we conclude that summary dismissal of his motion without an evidentiary hearing was proper. The judgment of the district court is affirmed. ________ -8-