No. 04-3555
File Name: 05a0476n.06
Filed: June 7, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOSEPH SMITH,                                    )
                                                 )
        Plaintiff-Appellant,                     )
                                                 )
v.                                               )        On Appeal from the United States
                                                 )        District Court for the Northern
JANICE R. YARROW, et al.,                        )        District of Ohio
                                                 )
        Defendants-Appellees.                    )
                                                 )

Before:  MARTIN and ROGERS, Circuit Judges; FORESTER, Chief District Judge.[*]

        Joseph Smith, an Ohio prisoner proceeding pro se, appeals a district court judgment entered

upon a jury's verdict for the defendant in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth

Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed.

R. App. P. 34(a).

        On July 20, 2000, Smith filed his complaint in the district court against Janice Yarrow and

eight other prison employees.  Smith alleged, *inter alia*, that the defendants were deliberately

indifferent to his hernia, violating his Eighth Amendment right to be free from cruel and unusual

punishment, and that the defendants retaliated against him for exercising his constitutional rights.

The defendants filed a motion for summary judgment as to all of the claims in Smith's second

amended complaint, and in September 2001, the district court granted the motion in its entirety.

Smith appealed, and a panel of this court affirmed the district court's judgment with the exception

---

[*]The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District
of Kentucky, sitting by designation.

of Smith's Eighth Amendment claim against Yarrow, which this court remanded to the district court. *See Smith v. Yarrow*, No. 01-4033, 2003 WL 22400730, at *15 (6th Cir. Oct. 20, 2003) (unpublished). The case ultimately was tried before a jury over a span of three days. The jury returned a verdict in favor of Yarrow, and the district court entered judgment accordingly. This timely appeal followed.

On appeal, Smith asserts that the district court erred: (1) in finding that the defendant's use of peremptory challenges to strike two potential, black jurors during *voir dire* was not performed for discriminatory reasons; and (2) in failing to seize notes taken by a juror during the trial. Smith also has filed an irregular motion to remove the attorney representing Yarrow on appeal. Yarrow responds that Smith's failure to produce the trial transcript precludes meaningful appellate review of the two issues raised on appeal and that, even if the claims are reviewable, they lack merit.

"Whether a party exercised its peremptory challenges in a discriminatory manner is a finding of fact, which we review under the clearly erroneous standard." *United States v. Bartholomew*, 310 F.3d 912, 919 (6th Cir. 2002). "A factual finding will only be clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. Johnson*, 242 F.3d 707, 709 (6th Cir. 2001). The district court's findings on whether a party exercised a strike for a discriminatory reason are accorded significant deference because the determination rests largely upon an assessment of the credibility of the party offering the nondiscriminatory explanation. *Hernandez v. New York*, 500 U.S. 352, 365 (1991). "Deference is necessary because a reviewing court, which analyzes only the transcripts from *voir dire*, is not as well positioned as the trial court is to make credibility determinations." *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003).

By failing to provide a transcript, we are left with no basis on which to find the district court's rulings clearly erroneous. Because Smith "urge[s] on appeal that a finding . . . is contrary to the evidence," i.e., that the evidence supports the conclusion that the defendant exercised her peremptory challenges based upon discriminatory reasons, he had a duty to "include in the record a transcript of all evidence relevant to that finding," Fed. R. App. P. 10(b)(2), or if a transcript was

unavailable, a prepared statement from his recollection served upon the opposing party and submitted to the district court for settlement and approval. Fed. R. App. P. 10(c). Without a transcript, this court cannot verify that Smith made a proper objection, preserving the issue for appeal or examine the explanation, if any, the district court may have provided for its decision on the record. Because a trial court's "finding of the absence of discriminatory intent is 'a pure issue of fact,' " *Miller-El*, 537 U.S. at 339 (quoting *Hernandez*, 500 U.S. at 364), the record provided on appeal does not allow for a review of this claim, and therefore, the issue is waived.

Turning to the second issue, Smith argues for the first time on appeal that the district court erred by not confiscating a juror's notes that she took during trial. "This court has repeatedly held that it will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice." *Lepard v. NBD Bank*, 384 F.3d 232, 236 (6th Cir. 2004) (internal quotation omitted); *see also United States v. Smith*, 393 F.2d 687, 689 (6th Cir. 1968). The decision whether to allow jurors to take notes during trial and whether the notes may be used during deliberations is left to the sound discretion of the trial judge. *United States v. Johnson*, 584 F.2d 148, 158 (6th Cir. 1978) (listing supporting cases).

The judgment is affirmed.