Thomas Neil **MUNDY** and Delma Ray Perry, Petitioners-Appellants,

v.

C. Murray **HENDERSON,** Warden, Respondent-Appellee.

No. 18678.

United States Court of Appeals Sixth Circuit.

Oct. 9, 1969.

Robert W. Maxwell, II, Cincinnati, Ohio (Taft, Stettinius & Hollister, Cincinnati, Ohio, on the brief), for appellants.

Elmer D. Davies, Nashville, Tenn. (James C. Dale, III, Special Counsel, State of Tennessee, Nashville, Tenn., on the brief), for appellee; George F. McCanless, Atty. Gen. and Reporter of Tennessee, of counsel.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

## PER CURIAM.

We consider an appeal from an order of the United States District Court for the Middle District of Tennessee which dismissed appellants' petition for habeas corpus relief. Following an evidentiary hearing, the District Court made findings of fact and conclusions of law, and ordered dismissal of the petition for writ of habeas corpus.

On April 15, 1966, the People's Oil Company station in Davidson County, Tennessee was robbed. Thereafter, appellants Mundy and Perry were indicted for the offense and, on trial in a Tennessee state court, were convicted of armed robbery. There was ample testimony to sustain the jury's verdict. Mundy and Perry were each sentenced to twenty-five years imprisonment for armed robbery and not less than one nor more than five years for receiving and concealing stolen property.

On appeal, the Supreme Court of Tennessee set aside the conviction for receiving stolen property, but affirmed the armed robbery conviction. The Tennessee court found that error had been committed by the trial judge in refusing to require a state witness, officer Nickens, to permit counsel for defendants access to notes that such witness had used to refresh his memory. The Supreme Court of Tennessee, however, refused to reverse the conviction, holding that,

"From the entire record, we do not think the error was harmful or prejudicial to the defendant. Defense Counsel cross examined the witness in detail. His testimony both direct and cross examination is cumulative of that of the other officers and the two women."

Appellants then sought a writ of habeas corpus in the District Court. The question before us is whether trial court's refusal to permit defense counsel to inspect the notes used by the prosecution witness to refresh his memory amounts to a federal constitutional error of such magnitude as to require the issuance of the writ of habeas corpus. No question is raised as to the adequacy of the evidentiary hearing provided by the District Judge.

Officer Nickens, a prosecution witness, while testifying with respect to the people and conditions at a motel where appellants were apprehended, referred to his notes to refresh his memory. Defense counsel asked to see the notes. They were handed to such counsel. The prosecution then objected because the notes contained the statements of other witnesses which the defense was not entitled to see. Thereupon the trial judge required defense counsel to return the notes to the witness. At the evidentiary hearing in the District Court, the testimony indicated that the defense did not have time to examine the notes.

After reviewing the record and the testimony of the parties, both at the trial and the evidentiary hearing, we are of the opinion that the District Court correctly disposed of the matter. We agree that the action of the state trial court in denying defense attorneys the right to examine the notes from which the police officer testified was error. But we do not feel that such error, in the factual context of the case, where the officer was merely refreshing his memory as to the physical details of the motel, is one of constitutional dimensions correctable in the federal courts.

We are of the same mind as was the District Judge when he said:

"From a review of the petition in the light of such admitted error, the Court concludes that petitioners were not subjected to a trial itself basically and fundamentally unfair when measured in terms of our concept of a fair trial under the due process clause."

The evidence of guilt was such that if it could be said that the error was of constitutional dimensions, we would, and do, hold that the error was harmless within the rule of Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Judgment affirmed.