George Edward **BENTLEY**, Petitioner-Appellant,

v.

**UNITED STATES of America,** **Respondent-Appellee.**

No. 19996.

United States Court of Appeals, Sixth Circuit.

Sept. 2, 1970.

George Edward Bentley, in pro. per.

Robert B. Krupansky, U. S. Atty., Robert W. Jones, First Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before EDWARDS and McCREE, Circuit Judges, and KALBFLEISCH, District Judge.*

EDWARDS, Circuit Judge.

The sole question posed by this appeal is whether or not appellant is entitled to be furnished a copy of the transcript of his trial in order to search for as yet unasserted grounds for filing a motion for postconviction relief under 28 U.S.C. § 2255 (1964). Appellant relies for an affirmative answer upon Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955), and its progeny.

The background of this case is accurately set forth in the memorandum opinion of the District Judge from the United States District Court for the Northern District of Ohio who denied this petition:

"Petitioner requests that he be furnished a copy of the transcript of his trial. On November 27, 1961, he was found guilty of the offense of kidnapping.

"In a journal entry of February 15, 1962, the petitioner was allowed to proceed in forma pauperis on appeal. In that entry the court decreed that

"'so much of the transcript of the entire proceedings as shall be required by counsel for appellant in the prosecution of this appeal be furnished at the expense of the United States * * *.'

"Appointed trial counsel also conducted his appeal. On May 11, 1962, petitioner's counsel filed an agreed statement of the case and stipulation which was forwarded to the Court of Appeals of the Sixth Circuit in lieu of a transcript. His conviction was affirmed, and certiorari, thereafter pressed by his appointed counsel, was denied.

"In August 1963, petitioner requested a copy of the transcript, and this request was denied by district court order of November 15, 1963. Again in March 1967, petitioner requested a copy of the transcript of his trial. This was denied by order of this court, memorandum being filed on May 3, 1967.

"Once again petitioner requests a copy of his transcript. Petitioner does so without filing any paper that might be construed as an attack upon his conviction.

---

* Honorable Girard E. Kalbfleisch, United States District Judge for the Northern District of Ohio, sitting by designation.

"Instead, petitioner states the following:

" '4. Movant believes that a transcript is necessary to contest said conviction; Movant submits the following as a showing of necessity (not as an argument of the merits):

a. Movant believes that he has meritorious grounds for attacking his conviction and subsequent appeal.

b. Movant believes that his conviction was filled with error. Movant's appointed counsel cited nine points of error after the trial.

c. Movant's said same court appointed counsel stipulated away *seven* of said valid points of error as well as a transcript before the appellant proceedings commenced.

d. Said stipulation by Movant's court appointed counsel was made without the knowledge or consent of Movant.

e. Said counsel waived Movant's rights without his knowledge or consent and in so doing violated Movant's Constitutional rights.'

"Under Ketcherside v. United States, 318 [317] F.2d 807 (6th Cir. 1963) this court may not order a transcript under a general allegation of error for the purpose of preparing a case pursuant to Title 28 § 2255 of the United States Code. See, Wilson v. Wade, 390 F.2d 632 (9th Cir. 1968), cert. granted 393 U.S. 1079 [89 S.Ct. 882, 21 L.Ed.2d 772] (1969) (No. 409), United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964).

"Moreover, this court has examined the total record of the trial and appeal. The court has also obtained copies of counsel's correspondence concerning petitioner's case. All copies so obtained have been placed in the district court's file; typical examples are attached to this memorandum. The court does not find that the asserted grounds of petitioner are in any way supported. Appointed counsel had authority, consistent with what they believed to be the existing real claims of error, to enter into an agreed statement of the case and stipulation. See Griffin v. Illinois, 351 U.S. 12, 20 [76 S.Ct. 585] (1956) (means other than transcript may provide adequate and effective appellate review.)

"This court reaffirms its finding of May 2, 1967:

" 'Petitioner's request for a trial transcript in effect questions the competency of his two court appointed counsel. Petitioner originally filed a similar request which was denied in November 1963. An analysis of the record indicates that petitioner's counsel raised all possible reasonable grounds of error in appeal of the judgment rendered in the trial court.'

"Upon the whole record petitioner does not establish a need for the preparation of a trial transcript."

There is no doubt that the District Court had a right to conclude that this court had decided the issue in this case so as to support denial of the transcript under the facts stated above. Ketcherside v. United States, 317 F.2d 807 (6th Cir. 1963); Dorsey v. United States, 333 F.2d 1015 (6th Cir. 1964), cert. denied, 379 U.S. 994, 85 S.Ct. 711, 13 L.Ed.2d 613 (1965); Mundy v. Henderson, 416 F.2d 432 (6th Cir. 1969). *See also* Harless v. United States, 329 F.2d 397 (5th Cir. 1964); United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964).

The impact of the United States Constitution upon this problem has, however, been the subject of further elaboration since this series of cases began. Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966); Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969).

In Long v. District Court of Iowa, the general principles upon which the Supreme Court is proceeding are set forth as follows:

"The State properly concedes that under our decisions in Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), and Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768 (1963), 'to interpose any financial consideration be-

tween an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws.' Smith v. Bennett, *supra*, 365 U.S. at 709, 81 S.Ct., at 896. We specifically held in *Smith* that having established a post-conviction procedure, a State cannot condition its availability to an indigent upon any financial consideration. And we held in *Lane* that the same rule applies to protect an indigent against a financial obstacle to the exercise of a state-created right to appeal from an adverse decision in a post-conviction proceeding.

"In Lane v. Brown, *supra*, 372 U.S., at 483, 83 S.Ct., at 772, the Court reaffirmed the fundamental principle of Griffin v. People of State of Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956), that 'Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.' The Court in *Lane* went on to observe that *Smith* had established 'that these principles were not to be limited to direct appeals from criminal convictions, but extended alike to state postconviction proceedings.' 372 U.S., at 484, 83 S.Ct., at 773. See also Eskridge v. Washington State Board, 357 U.S. 214, 78 S.Ct. 106, 2 L.Ed.2d 1269 (1958); Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963)." Long v. District Court of Iowa, 385 U.S. 192, 194, 87 S.Ct. 362, 364 (1966).

Very recently, in Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), the Supreme Court specifically reserved decision on the exact question posed by this case:

"To pass on this contention at this time would necessitate our decision whether there are circumstances in which the Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief. This is a question of first impression which need not be reached at this stage of the case." Wade v. Wilson, *supra* at 286, 90 S.Ct. at 504.

■ It seems certain that these principles mean at least that in any case where a transcript is necessary for the taking of an appeal (either direct or postconviction), an indigent appellant has a constitutional right to have one furnished by the government, unless there are alternative appeal measures available or this right is waived. The order originally entered by the District Court concerning appellant's right to a transcript on his direct appeal is wholly consistent with this principle. Absent the possibility of presentation of the appellate issues by stipulation, doubtless a transcript would have been provided. We have reviewed the history of this direct appeal and find no reason to fault the judgment or competence of appellant's counsel as demonstrated therein. If it be claimed that a transcript is now needed to search for proof of claimed incompetence of counsel, we find no merit to the asserted issue and no plausible need for the transcript.

This, of course, still leaves to be decided whether the federal constitution gives appellant the unqualified right (one which an affluent cell mate could exercise by purchase) to a transcript at government expense for new counsel to search for constitutional error in order to file a motion for postconviction relief.

We find it impossible to deny that at least theoretically an affirmative answer would serve the constitutional purpose of the equal protection and due process clauses as they have been spelled out above.

We believe the Supreme Court has held each of these two concepts independently to require that "all people charged with crime must, so far as the law is concerned, 'stand on an equality before

the bar of justice in every American court.' Chambers v. Florida, 309 U.S. 227, 241, 60 S.Ct. 472, 84 L.Ed. 716. See also Yick Wo v. Hopkins, 118 U.S. 356, 369, 6 S.Ct. 1064, 30 L.Ed. 220." Griffin v. Illinois, 351 U.S. 12, 17, 76 S.Ct. 585, 589 (1956).

■ As we have pointed out above, however, past precedent in our court requires a prior showing of need. In these past cases, as well as in the present one, we were and are confronted by a flat statutory requirement of an existing case and issue and a showing of need for the transcript to decide that issue.

"Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. * * *" 28 U.S.C. § 753(f) (Supp. V 1965–69).

We conclude that if the Supreme Court desires now to hold that a prior showing of need cannot constitutionally be made a requisite for a free transcript for an indigent who desires to file a § 2255 petition, this case affords a wholly appropriate vehicle to do so.

If this decision is made affirmatively, Congressional appropriations will be required to finance some considerable expansion of the reportorial and stenographic services available to the District Courts. Our Circuit can, of course, decide the right to transcripts. But under the existing shortage of reportorial and secretarial services in this Circuit, we cannot deliver many of them. It seems appropriate to us under these circumstances to adhere to this Circuit's past decisions until and unless the Supreme Court invalidates on constitutional grounds the existing issue and need requirements of the statute set forth above.

The judgment of the District Court is affirmed.