STATE of Tennessee, Appellee,

v.

Wendall Gene WATTS, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 6, 1982.

Permission to Appeal Denied by Supreme Court Jan. 31, 1983.

J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, Jim T. Hamilton, Asst. Dist. Atty. Gen., Columbia, for appellee.

Thomas W. Hardin (on appeal), M.A. Peebles (at trial), Columbia, for appellant.

OPINION

DAUGHTREY, Judge.

The defendant, Wendell Gene Watts, was found guilty of aggravated rape in what was essentially an incest case. The jury sentenced him to 99 years in the state penitentiary. On appeal Watts challenges (1) the admissibility of a statement he gave in the presence of an assistant district attorney during pretrial interrogation, (2) the correctness of the trial court's instructions to the jury, and (3) the propriety of certain comments made by the prosecuting attorney during final argument. We find no reversible error in connection with these issues and thus no basis upon which to overturn the jury's verdict.

The victim in this case was the defendant's daughter. Thirteen years of age at the time of trial, she testified that her

father began fondling her when she was only eight years old. He admitted that in 1978 he had been treated for this "problem" at a local mental health center. The child further testified that her father had thereafter subjected her to repeated incidents of sexual intercourse against her will. She recounted at length the details of at least two specific occasions on which this occurred.

The victim delayed telling her mother about these incidents because her father had threatened "to beat [her] to [her] last breath" if she did. There was evidence that she had seen her father beat her mother senseless on at least one occasion, until she "whimpered like a cat." Indeed, at trial the defendant admitted two such violent assaults on his wife, saying that he "enjoyed beating her" because it "got rid of a lot of hostility" caused by her "running around" on him.

When the victim finally got up enough courage to tell her mother of the sexual abuse she was receiving from her father, her mother also delayed reporting the situation to authorities out of fear of Watts. She eventually took the matter to a local attorney, who in turn sent the mother and child to the district attorney's office. There an assistant, Bobby Sands, launched an immediate investigation.

As a result, the child was examined by a local pediatrician who found no hymen present in her twelve year old patient. She described the child as having a marital introitus, i.e., a genital condition consistent with repeated sexual intercourse.

Also as part of the investigation, an investigator with the district attorney's office interviewed the defendant in Sands's presence. Watts was advised of his *Miranda* rights both "formally" and "conversationally," and he signed a waiver of his right to have an attorney present at the interview. During this interrogation, Watts was asked if he had "had sex" with his daughter. He responded, "I don't know whether [I have] or not—if she told you [it happened], in all probability it did. I would like to think that it didn't." Watts said his uncertainty

stemmed from the fact that he was "drunk" and "doped up" all the time during this period. Asked if there was any reason why his daughter would lie about the matter, he replied, "She don't have any reason at all to say it happened if it didn't. Like I told you, I raised her not to lie."

At trial the defendant equivocated in his testimony, confirming the fact that he could not remember certain things as a result of his heavy alcohol and drug consumption, but saying also that he was "now convinced in [his] own mind" that he had never had sexual intercourse with his daughter. It was his theory that she had been "put up" to making such accusations against him by his wife, who had since divorced him. Watts conceded at trial that his wife and daughter had reason to be afraid of him.

At trial the only objection offered to the introduction of Watts's pretrial statement was based on defense counsel's contention that Sands, as an attorney himself, in addition to the required *Miranda* warnings should have advised Watts "that the defendant that gives [investigators] a statement cannot help himself." On appeal the defendant also contends that despite his written waiver of the right to have an attorney present, he should not have been questioned without an attorney because the interrogation represented a "critical stage" of the proceedings. He further argues that the mere presence of an assistant district attorney during interrogation shows that his will was "overborne and that his statement was involuntarily obtained."

■ We find absolutely no legal merit to these contentions. The record shows conclusively that the defendant's statement was given knowingly and voluntarily, after a valid waiver of his *Miranda* rights. It was therefore fully admissible at trial.

■ The trial court correctly charged the jury that aggravated rape includes sexual penetration of a victim who is less than thirteen years of age. *See* T.C.A. § 39–3703(a)(4). The State produced ample evidence to support this charge. There is thus

no merit to the defendant's contention that the trial court erred in failing to charge other portions of § 39–3703(a) that correspond to allegations in the indictment concerning the defendant's use of force, his knowledge of the victim's physical helplessness at the time of the penetration, her fear for her own safety, etc. As the proof developed at trial, those allegations became mere surplusage, and a charge to the jury on such matters was clearly unnecessary.

The record before us fails to show that defense counsel entered an objection to any portion of the prosecuting attorney's final argument. Thus the contemporaneous objection rule forecloses review of the argument on appeal. *Taylor v. State*, 582 S.W.2d 98, 100 (Tenn.Cr.App.1979). Moreover, we note that there is nothing in the briefs or in the record to suggest that the argument was unwarranted, in view of the evidence adduced at trial, or that plain error resulted from the prosecuting attorney's comments.

For these reasons we find no reversible error in connection with the issues raised on appeal. The judgment of the trial court is therefore affirmed.

O'BRIEN and TATUM, JJ., concur.