**Wendell Gene WATTS, Petitioner,**

v.

**STATE OF TENNESSEE, et al.,
Respondents.**

Civ. A. No. 3:84–0505.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 23, 1984.

On Motion for Appointment of Counsel
June 27, 1984.

Wendell Gene Watts, pro se, for petitioners.

William Leach, Atty. Gen., Nashville, Tenn., and Michael Dutton, Warden Tennessee State Penitentiary, for respondents.

## MEMORANDUM OPINION, ORDERS AND CERTIFICATE

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. Wendell Gene Watts seeks the federal writ of habeas corpus, 28 U.S.C. § 2254(a), on the ground he is being deprived of his claimed constitutional right to a transcript of his trial. His conviction was affirmed on direct appeal, and his application for permission to appeal to the Supreme Court of Tennessee was denied on January 31, 1983. *State v. Watts,* 649 S.W.2d 4 (Tenn.Crim.App.1982).

Mr. Watts was convicted in the Criminal Court of Maury County, Tennessee of aggravated rape and was sentenced to imprisonment for 99 years; the petitioner does not claim he was denied, as an indigent, a transcript to use in connection with such direct appeal of his conviction. Although Mr. Watts does not specify what use he intends to make of a transcript at this late date, the only apparent use therefor would be in any future attempt to attack his conviction collaterally, as in post-conviction or habeas corpus procedures.

 The Constitution does not require that an indigent-defendant be provided a free-transcript for use in attacking his conviction collaterally where, as here, such a transcript was available to him on direct appeal.[1] *United States v. MacCollom,* 426 U.S. 317, 325–326, 96 S.Ct. 2086, 2092[8], 48 L.Ed.2d 666 (1976) (plurality opinion), cited in *Johnson v. Hubbard,* 698 F.2d 286, 289, n. 1 (6th Cir.1983), *cert. den.* — U.S. —, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983), for the proposition that due process does not require a free-transcript on appeal for an indigent-plaintiff in a habeas corpus action. A prisoner is not entitled to a free-transcript merely for the purpose of searching it for grounds for a possible application for

---

1. Tennessee makes transcripts available to its indigent-defendants free-of-charge for use on appeal. T.C.A. § 40–14–312 (formerly T.C.A. § 40–2040); *State v. Wilson,* 530 S.W.2d 766, 768[1] (Tenn.1975); *Elliott v. State,* 222 Tenn. 294, 435 S.W.2d 812, 817 (1968).

post-conviction or habeas corpus relief.[2] *Bentley v. United States,* 431 F.2d 250, 254[3] (6th Cir.1970), *cert. den.* 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971); *Lucas v. United States,* 423 F.2d 683, 684–685[5] (6th Cir.1970); *Ellis v. State of Maine,* 448 F.2d 1325, 1327[3] (1st Cir. 1971).

It appearing plainly on preliminary consideration, Rule 4, 28 U.S.C. fol. § 2254, from the face of the applicant's petition and the exhibit appended thereto that he is entitled to no relief in this Court now, it hereby is

ORDERED:

(1) that his petition is DISMISSED summarily, *id.;*

(2) that the clerk so notify the petitioner forthwith, *id.;* and,

(3) that copies of such petition be served with copies of this order forthwith by certified mail on the respondent-warden and the attorney general and reporter of the state of Tennessee, *id.*

Should the applicant give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R.App.P.

As the petitioner has not stated a colorable claim for habeas corpus relief, such certificate will NOT issue. *Id.*

ON MOTION FOR APPOINTMENT OF COUNSEL

The filing by the petitioner of a notice of appeal herein operated to transfer jurisdiction of this action from this Court to the Court of Appeals for this Circuit. *Cochran v. Birkel,* 651 F.2d 1219, 1221[2] (6th Cir.1981), *cert. den.* 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982), and this

Court is without jurisdiction to consider the motion of the petitioner under Rule 60(b), F.R.Civ.P., in the absence of a remand by such appellate court, *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.,* 678 F.2d 636, 641–642 n. 10 (6th Cir.1982). Accordingly, this Court will not purport to rule on such motion.

The Court has authorized the petitioner already to proceed on his appeal in *forma pauperis;* thus, his present motion therefor is moot. Since the Court has determined that the petitioner has not stated a colorable claim for habeas-corpus relief and has declined to issue a certificate of probable cause, his application for the appointment of counsel hereby is

DENIED, but without prejudice to his applying therefor to our Court of Appeals.

2. *Martin v. Rose,* 525 F.2d 111 (6th Cir.1975), relied upon by Mr. Watts is inapposite. There, the petitioner was denied a transcript of his federal bank robbery trial (at which trial he was acquitted) for use at his trial in state court for

the same bank robbery. This case does not support the view that an indigent-defendant is entitled to a free-transcript to use in a potential collateral proceeding.