755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM JEFFREY BURKHART, PLAINTIFF-APPELLANT,
v.
HAROLD B. THOMAS, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-3062
 United States Court of Appeals, Sixth Circuit.
 1/17/85
 
 ORDER
 BEFORE: ENGEL, MERRITT and MILBURN, Circuit Judges.
 
 
 1
 This Ohio State pro se litigant appeals from a district court judgment dismissing his civil rights complaint construed to be filed under 42 U.S.C. Sec. 1983. Seeking declaratory and monetary relief, plaintiff sued a local state court judge and prosecutor for allegedly denying him a free copy of his transcript and record of his state court criminal trial. Plaintiff also alleged that the defendants have denied him his right to access to the courts by refusing to accept for filing any of his motions or petitions.
 
 
 2
 Upon review of a motion to dismiss and plaintiff's response thereto, the district court dismissed the action because the plaintiff's allegations did not state any sort of claim against the prosecutor and because the state court judge was absolutely immune from damages.
 
 
 3
 Upon a careful review of the district court record and appellate briefs, this Court concludes that the district court's judgment must be affirmed for reasons other than those relied upon by the district court. County of Oakland v. City of Berkley, 742 F.2d 289, 298 (6th Cir. 1984). The district court apparently overlooked the fact that this plaintiff was seeking declaratory and monetary relief; and, while judicial immunity bars an award of damages against a judicial officer, declaratory relief is not barred by the doctrine of judicial immunity. Sevier v. Turner, 742 F.2d 262, 269 (6th Cir. 1984).
 
 
 4
 In this case, the plaintiff did, indeed, fail to state a cause of action against either the prosecutor or the state court judge. The cause was properly dismissed as it relates to the prosecutor because none of the allegations involved any actions by the prosecutor. The plaintiff also failed to otherwise state a cause of action against the judge because a review of the record reveals that the plaintiff utterly failed to show that he was entitled to a second free transcript of his state court criminal trial. The record contains two orders which apparently caused the plaintiff to file this civil rights action. On March 21, 1983, an order was filed in an Ohio State court denying plaintiff's motion seeking a second free transcript of his state court conviction. A review of this order reveals that the plaintiff had already been granted a free transcript of his state court criminal trial for use by his appointed attorney in preparation of his direct criminal appeal. His jury convictions for aggravated burglary and attempted aggravated murder were affirmed and the Ohio Supreme Court denied further discretionary review. Plaintiff sought another transcript of his criminal trial because he said it was necessary for him to prepare an unspecified appeal. Assuming that a timely notice of appeal had been filed, the state court surmised that the only appeal which the plaintiff could have pending was one brought from an order denying him shock probation, for which, it concluded, no transcript existed and no transcript was necessary. A second state court order was filed on April 8, 1983 denying another motion filed by this plaintiff again seeking a free transcript of the state court criminal trial. The writing judge, who is the defendant in this action, also directed the clerk of the court to not accept for filing any further motions submitted by this plaintiff in which he may be seeking the same relief, ie. a second free transcript. If the clerk is not sure what relief is requested, the clerk was instructed to submit the motion to the court for guidance.
 
 
 5
 Under these circumstances, it is clear that the dismissal of plaintiff's suit was proper because the plaintiff has clearly failed to show entitlement to the transcript. Before being granted a free transcript of a state criminal trial, an indigent defendant may be required to show that his challenge to his conviction is not frivolous. United States v. MacCollom, 426 U.S. 317 (1976). The defendant can also be denied a free transcript if he simply seeks to search the transcript for support of grounds to be asserted in a motion for post-conviction relief. Bentley v. United States, 431 F.2d 250 (6th Cir. 1970). Clearly, the plaintiff has failed to establish that he even had a post-conviction action pending or an appeal pending from a judgment dismissing a collateral attack on his state court convictions.
 
 
 6
 Although it would be a better practice to accept all filings from indigent prisoners and assess costs should it prove that the asserted matters are utterly frivolous, plaintiff's right to reasonable access to the courts was not infringed by the state trial court's narrow ruling rejecting for future filing further unsupported requests for a second free state court transcript. Cf. In Re: Green, 669 F.2d 778 (D.C. Cir. 1981).
 
 
 7
 This panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit, for the above stated reasons.