William COHEN, Petitioner-Appellant,

v.

Arthur TATE, Jr., Respondent-Appellee.

No. 84–3365.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 30, 1985.

Decided Dec. 30, 1985.

---

William Cohen, Tracey Maclin (argued), William Weinstein, Lexington, Ky. (Court Appointed), for petitioner-appellant.

Stuart A. Cole (argued), Ohio Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before LIVELY, Chief Judge, WELL-FORD, Circuit Judge, and, BERTELS-MAN,* District Judge.

WELLFORD, Circuit Judge.

Petitioner, William Cohen, was indicted on November 24, 1978, by a Summit County, Ohio, grand jury for two separate counts of rape of two adolescent boys. Counsel was appointed for Cohen, and in the following December and January of 1979, he entered pleas of not guilty to the charges. Following a subsequent amendment of the indictment, Cohen, pursuant to a purported plea agreement, entered a guilty plea to the two rape counts on January 16, 1979. Two other counts were dropped, as well as the charge of rape "by force or threat of force." Cohen was then sentenced to two consecutive terms of six to twenty-five years imprisonment. He now seeks federal habeas corpus relief from the resulting state custody.

Cohen did not directly appeal his conviction based on a guilty plea, but instead he filed *pro se* a motion in the trial court

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

seeking a delayed direct appeal. The documents submitted by Cohen were forwarded to the Ohio Court of Appeals. As grounds for the appeal, Cohen claimed "arbitrary amendment of the indictment" as well as ineffective assistance of counsel. On November 16, 1979, the motion for delayed direct appeal was denied.[1]

On January 5, 1981, Cohen filed his first petition for post-conviction relief with the trial court. Cohen asserted that (1) his guilty plea was not entered knowingly, voluntarily, and intelligently, and that (2) he received ineffective assistance of counsel. Addressing the merits of both claims, the trial court dismissed the petition without a hearing, concluding that Cohen failed to present "sufficient operative facts to demonstrate that his pleas of guilty were not entered knowingly, voluntarily, and intelligently." Further, the court found Cohen "stated *on the record* that he was satisfied with his attorney and that counsel had answered his questions and had done everything [he] had requested." (Emphasis added.) The trial court expressly purported to rely upon "the court reporter's transcript."

Cohen appealed this decision to the Ohio Court of Appeals on February 13, 1981, alleging error in the trial court's refusal to hold an evidentiary hearing, and also challenging the failure of the state to provide him with a transcript of his guilty plea proceeding. At this time, the State conceded that it could not provide such a transcript because it had been "accidentally lost." The Court of Appeals affirmed, holding that Cohen failed to establish "sufficient operative facts" to warrant relief. The court also addressed Cohen's claim to a transcript:

> The only purpose the transcript of proceedings would now serve the appellant, would be to permit him to go on a fishing expedition for errors which should have been raised on direct appeal. It seems more appropriate to require him to set

forth sufficient operative facts to warrant relief and frame the issues.

Cohen failed to appeal this adverse ruling to the Ohio Supreme Court.

On October 30, 1981, Cohen again filed a post-conviction petition in the Ohio trial court. This was dismissed on res judicata grounds, and an appeal was taken to the Ohio Court of Appeals. This appeal was dismissed as untimely on May 11, 1982. Thereafter, on December 6, 1982, Cohen filed a motion for leave to appeal with the Ohio Supreme Court, alleging the involuntariness of his guilty plea, ineffective assistance of counsel, and a denial of due process based on lack of access to a transcript of the guilty plea proceedings. The Ohio Supreme Court dismissed the motion on June 1, 1983, for lack of a "substantial constitutional question." Cohen's motion for rehearing was denied on July 22, 1983.

Cohen then filed a *pro se* habeas action in federal district court alleging an involuntary guilty plea, a denial of due process and equal protection in the state's failure to provide him a transcript of his guilty plea proceeding, as well as ineffective assistance of counsel. In the district court, the State conceded that Cohen had exhausted his state remedies, but instead argued that Cohen's claims were procedurally barred by (1) his failure to file a direct appeal, and (2) his failure to file a timely appeal from the denial of his second post-conviction petition.

The district court found the requisite exhaustion of both Cohen's involuntary guilty plea claim and his charge of ineffective assistance of counsel. It held, however, that Cohen was procedurally barred from pursuing these claims because he had failed to appeal the first post-conviction petition to the Ohio Supreme Court. Because he could not establish cause and prejudice within the meaning of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), Cohen was determined

---

1. Cohen also sought a transcript of his guilty plea proceeding before the sentencing court. He filed three motions in this regard, all of which were denied by the trial court; this last denial took place following the denial of the delayed appeal.

to be precluded from pursuing the issues in federal court.

The district court found that the claim of failure to furnish a transcript "is not properly exhausted, having been raised for the first time in his [Cohen's] memorandum in support of jurisdiction filed with the Supreme Court of Ohio." The district court, moreover, concluded the claim failed to state a constitutional question and thus denied habeas corpus relief on this ground also. On Cohen's appeal from denial of relief we consider first whether Cohen has exhausted all his claims presented within the meaning of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In *Bowen v. State of Tennessee*, 698 F.2d 241, 243 (6th Cir.1983) (en banc) (emphasis added), this court "conclude[d] the *total exhaustion* rule promulgated in *Rose [v. Lundy, supra,]* may not be waived or conceded in the district court by a state attorney general and may be noticed by this Court *sua sponte* on appeal."

Petitioner has proceeded under 28 U.S.C. § 2254[2] to seek relief in federal court. This application for writ of habeas corpus may not be considered until and unless Cohen has first exhausted all available state court remedies as to all the claims presented. *Parker v. Rose*, 728 F.2d 392, 394 (6th Cir.1984). We have an obligation, then, to reach a decision on this jurisdictional issue "considered in the district court," and it may not be "waived" in that court. *Id.* at 394. *See Bowen, supra.*

Despite the district court's explicit finding of no proper exhaustion as to the transcript claim, he "summarily dismissed" the claim as failing to state a "federal constitutional question." If, however, the district court correctly decided that this issue had not been totally exhausted, *Rose v. Lundy,*

*supra,* and *Bowen v. Tennessee, supra,* would seem to require dismissal of the entire petition on this essentially jurisdictional ground.

As pointed out in the recitation of facts, Cohen did not directly and in timely fashion appeal from the consequences of submitting his plea bargained guilty plea. Later claiming unauthorized amendment of the charges and therefore no voluntary and knowing guilty plea, he moved for a delayed direct appeal to the Ohio Court of Appeals. That court denied the motion because of failure to comply with Ohio R.App.P. 5, a procedural ground. Both before and after that November 1979 ruling by the Court of Appeals, Cohen moved the state trial court to grant him a transcript of the guilty plea proceedings. Without stating a reason, the motions were denied.

Common Pleas Judge Reece in January of 1981 denied Cohen's post-conviction application, which made no reference to the prior denials of transcript, stating that he had "considered" the petition and the underlying record, including "the court reporter's transcript," and stated that all lawful requirements for taking the plea and imposing sentence had been met.

Cohen's attorney in the appeal from denial of post-conviction relief noted on April 25, 1981, that the court reporter had "not been able to locate the transcript cited in the trial court's Findings of Fact." (The Chief Court Reporter for Summit County Court of Common Pleas by affidavit pointed out that the then court reporter's notes had not been found.) Cohen's attorney then in June of 1981 noted in the Ohio Court of Appeals as an assignment of error "the failure or inability of the state to provide a transcript" and claimed this to be

---

**2.** Section 2254 provides, in relevant part:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering

such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

a denial of due process as preventing effective appellate review. The State's answer brief admitted that "the notes taken by the court reporter ... accidentally lost," and that no transcript had been obtained. As pointed out, the Court of Appeals denied the post-conviction relief requested.

Following receipt of this action by the Ohio appellate court, Cohen's counsel advised him to "attempt to present such a claim" (referring to a "constitutional due process claim," among others) and advising him of his right to appeal from this decision. Instead of filing an appeal to the Ohio Supreme Court, Cohen filed, in October 1981, a subsequent postconviction petition for relief alluding to the absence of the transcript as a basis of due process denial. It was dismissed on the grounds of res judicata. It was not until then that Cohen moved the Ohio Supreme Court for a delayed appeal, claiming, among other issues, a federal constitutional violation for failure to provide him a transcript of his guilty plea. The State in its brief in opposition took the position that appellant had failed to file a timely appeal from the denial of post-conviction relief. In a form ruling on June 1, 1983, the Ohio Supreme Court sua sponte dismissed the appeal "for the reason that no substantial constitutional question exists," and at the same time overruled the motion for leave to appeal.

■■■ Under ordinary circumstances, a failure to pursue a direct appeal to the Supreme Court of Ohio upon issues (1) involuntary guilty plea and (3) ineffective assistance of counsel, may have constituted a procedural bar to seeking relief on these bases. A knowing waiver of these issues absent a showing of "cause" and "prejudice" for the failure may bar habeas relief in federal court.[3] *See Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). *See also Leroy v. Mar-*

*shall,* 757 F.2d 94 (6th Cir.1985); *Payne v. Rees,* 738 F.2d 118 (6th Cir.1984); and *Hockenbury v. Sowders,* 620 F.2d 111 (6th Cir.1980). We hold, however, that the cause and prejudice standard does not bar relief in this case because the Ohio courts presented with petitioner's claims in his first post-conviction petition actually reached the merits of these two claims and did not treat petitioner's failure properly to take a direct appeal as dispositive. *See County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Raper v. Mintzes,* 706 F.2d 161 (6th Cir.1983).

■■■ The failure to provide a transcript presents a more difficult problem, and complicates the situation. We are disposed to believe that on this issue, contrary to the decision of the district court, that Cohen has exhausted his state remedies. The transcript of the guilty plea proceeding was not available at any time for an adequate review of what actually took place before the Ohio trial court on direct appeal. Whether Cohen stated he was satisfied with his attorney's services as indicated by the state trial judge in ruling on the post-conviction application and whether he entered a voluntary guilty plea is hard to discern in the absence of a transcript. The Ohio Court of Appeals held in reviewing the initial state court denial of post-conviction relief on appeal that Cohen had failed to establish sufficient "operative facts" to show entitlement to post-conviction relief. It is difficult to perceive how, in the absence of a transcript and any record filed in this court to show what transpired before the state trial judge, Cohen might have "set forth sufficient operative facts" to frame the issues. When this issue finally came to the attention of the Ohio Supreme Court, it cryptically found "no substantial constitutional issue exists."

We conclude, under the circumstances, that, although Cohen may have been procedurally deficient in presenting it, this claim

---

3. On this appeal Cohen's counsel concedes that "deliberate bypass" principles of *Fay v. Noia* are not applicable. (See Appellant's Brief, pp. 20–

22). To be sure, he also argues that *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), is also inapplicable.

was fairly presented to Ohio courts for their consideration. *See Smith v. Digmon*, 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Meeks v. Bergen*, 749 F.2d 322, 325–26 (6th Cir.1984); *Keener v. Ridenour*, 594 F.2d 581 (6th Cir.1979).

■ The district court concluded that this issue "fails to state a federal constitutional question and is therefore summarily DISMISSED. 28 U.S.C. § 2241(3); *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982); *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963)." *Smith v. Phillips* merely indicates that habeas corpus relief in federal court must be based on a showing of a federal constitutional violation. That case does not concern the loss of a transcript or whether a sufficient showing of what took place in court may adequately be established absent a transcript of the proceedings. *Townsend v. Sain*, however, does indicate that a federal court should grant a hearing on a habeas corpus petition where a state court has made inadequate or insufficient fact findings, or where it is necessary to reconstruct the state court actions in the absence of a complete state court record:

> Ordinarily such a record—including the transcript of testimony (or if unavailable *some adequate substitute*, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing....

*Townsend*, 372 U.S. at 319, 83 S.Ct. at 760 (emphasis added).

In this instance, the federal court has simply concluded summarily, following the Ohio appellate court's example, that no federal constitutional issue exists where there is established the absence of a transcript (or the record) indicating whether Cohen voluntarily entered a guilty plea and expressed satisfaction with adequate counsel at the time.

That issue of the missing transcript, unlike the other issues, could not have been brought up on direct appeal by Cohen because it was not then known that a transcript was unavailable. The availability of a transcript or adequate substitute to support an alleged constitutional violation in a state post-conviction proceeding is founded on the same constitutional footings as in the case of a direct appeal. *Long v. District Court of Iowa*, 385 U.S. 192, 194, 87 S.Ct. 362, 364, 17 L.Ed.2d 290 (1966); *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). *See also Evitts v. Lucey*, —— U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). On the other hand, there is no unqualified right to a transcript. *Bentley v. United States*, 431 F.2d 250 (6th Cir.1970), *cert. denied*, 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971). This court observed in *Bentley*, however, that

> in any case where a transcript is necessary for the taking of an appeal (either direct or post-conviction) an indigent appellant has a constitutional right to have one furnished by the government unless there are alternative appeal measures available or this right is waived.

431 F.2d at 253.

We conclude that the district court was in error in summarily dismissing Cohen's claim regarding the missing transcript as "failing to state a federal constitutional question." We therefore remand this aspect of the case to the district court for further proceedings, to determine whether there were or may be alternative means to determine the issues of voluntariness of the plea and ineffective assistance of counsel in accordance with due process requirements in the absence of a transcript of the submission of the guilty plea.

The case is remanded to the district court for further proceedings consistent with this opinion.