805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry THREATT, Petitioner-Appellant,
v.
Harry K. RUSSELL, Supt., Lima Correctional Facility,
Respondent-Appellee.
 No. 85-3665.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1986.
 
 Before KEITH and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The appellant is appealing the dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. A certificate of probable cause was granted by this Court on October 31, 1985. The action is presently before the Court upon the appellant's pro se motion for bail. The appellant is currently represented by appointed counsel. Both sides have filed briefs.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 On March 18, 1982, the appellant was convicted of aggravated burglary in violation of Ohio Rev.Code Ann. Sec. 2911.11 and robbery in violation of Ohio Rev.Code Ann. Sec. 2911.02. He was sentenced to concurrent terms of three to fifteen years for the robbery and five to twenty-five years for the aggravated burglary. The conviction was affirmed on appeal.
 
 
 4
 The appellant filed for post-conviction relief in the Court of Common Pleas of Cuyahoga County. On November 16, 1982, the court denied the petition and no appeal was taken. On December 15, 1983, the appellant filed a motion to vacate sentence. That motion was denied on April 30, 1984, and no appeal was filed.
 
 
 5
 The appellant raises three grounds for relief; 1) the trial court erred when it allowed the prosecutor to comment on the appellant's refusal to testify; 2) ineffective assistance of counsel; and 3) insufficient evidence to sustain a conviction for aggravated burglary and robbery.
 
 
 6
 The appellant has failed to follow procedural formalities throughout his appeal and post-conviction appeal process. Absent a showing of cause and prejudice, his claims are therefore barred. Wainwright v. Sykes, 433 U.S. 72 (1977); Cohen v. Tate, 779 F.2d 1181 (6th Cir.1985). The appellant has failed to show such cause and prejudice. Engle v. Issac, 456 U.S. 107, 129 (1982); Maupin v. Smith, 785 F.2d 135 (6th Cir.1986).
 
 
 7
 In any event, the magistrate and the district court considered the appellant's three claims and found them to be without merit. We affirm the decision of the district court.
 
 
 8
 The appellant alleges that the trial court erred when it permitted the prosecutor to comment on the defendant's failure to testify. The federal district court found that the prosecutor was responding to a comment made by defense counsel during closing argument. Defense counsel had denied that the appellant made an admission to police. However, the appellant had failed to take the stand. Defense counsel was therefore commenting about information that was not in evidence. The district court held that the prosecutor's subsequent comment about the appellant's failure to testify was proper in order to erase the erroneous impression created by defense counsel. Butler v. Rose, 686 F.2d 1163 (6th Cir.1982).
 
 
 9
 The appellant also alleges that the record contained insufficient evidence to support a conviction for aggravated burglary. The district court found that based upon the totality of the evidence a rational trier of fact could find petitioner guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 10
 The appellant further claims that he was denied his constitutionally protected right to effective assistance of counsel. The district court applied the two prong Strickland test and found that counsel's performance did not prejudice the outcome of the trial. Under Strickland v. Washington, 466 U.S. 668 (1984), the appellant must show that counsel's performance was deficient and that the deficient performance prejudiced the petitioner so as to deprive him of a fair trial.
 
 
 11
 The appellant has filed a motion for bail. The standard for release on appeal in a habeas action is whether the claims on appeal have substance and whether there is some unusual circumstance making the application exceptional and deserving of special treatment in the interest of justice. Aronson v. May, 85 S.Ct. 3, 13 L.Ed.2d 6 (Douglas, J., Opinion in Chambers) (1964). As indicated above, the appellant's claims on appeal have no merit.
 
 
 12
 Accordingly, it is ORDERED that the motion for bail is denied and the district court's judgment is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.