805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie SMITH, Petitioner-Appellant,
v.
Gene SCROGGY, Respondent-Appellee.
 No. 86-5427.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1986.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges and HULL, District Judge.*
 
 ORDER
 
 2
 The petitioner appeals the judgment denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The petitioner is a Kentucky inmate serving a 50-year sentence as a result of his 1981 guilty plea to several state criminal law offenses. Prior to his guilty plea, he had moved unsuccessfully for disqualification of the trial judge and the prosecutor. Since his conviction, he has sought to obtain, at state expense, a copy of the transcript of the hearing held on that motion. The Kentucky state courts have denied those requests.
 
 
 4
 In the present action, the petitioner asserts the refusal of the state courts to provide him a copy of the requested transcript violates some unspecified constitutional rights under the Sixth and Fourteenth Amendments. The district court, citing Tollett v. Henderson, 411 U.S. 258 (1973), denied relief.
 
 
 5
 In order to be entitled to a copy of the transcript in question, the petitioner must show, inter alia, that the transcript is necessary for the prosecution of a legal action attacking his conviction. See Bentley v. United States, 431 F.2d 250 (6th Cir.1970), cert. denied, 401 U.S. 920 (1971); Watts v. State of Tennessee, 603 F.Supp. 494 (M.D.Tenn.), aff'd without opinion, 746 F.2d 1481 (6th Cir.1984). Here, the petitioner's guilty plea acted as a break in the events in the criminal proceedings against the petitioner. As such, the petitioner cannot attack his conviction on the basis of alleged unconstitutional deprivations occurring prior to that plea. That is true whether the petitioner is contemplating a federal habeas action, see Tollett v. Henderson, supra, or a state post-conviction action, see Alvey v. Commonwealth, 648 S.W.2d 858 (Ky.1983); Thomas v. Commonwealth, 459 S.W.2d 72 (Ky.1970).
 
 
 6
 The petitioner having failed to show a necessity for the transcript in question, the district court did not err in denying relief.
 
 
 7
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 8
 Upon examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 9
 It therefore is ORDERED that the district court's judgment of March 31, 1986, be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation