83 F.3d 423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ulysses Braxton CLEMENTS, Defendant-Appellant.
 No. 95-3190.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Ulysses Braxton Clements, proceeding pro se, appeals a district court order denying his motion for transcripts at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, a jury found Clements guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), conspiring to commit armed robbery in violation of 18 U.S.C. § 371, and using a firearm to commit armed bank robbery in violation of 18 U.S.C. § 924(c). The district court sentenced Clements to a mandatory term of 135 months of imprisonment plus 65 years of imprisonment, to be served consecutively. Thereafter, the district court denied Clement's motion for transcripts.
 
 
 4
 Clements has filed a timely appeal from the order denying his motion for free transcripts. However, in his appellate brief he does not assert any grounds challenging the denial of his motion. Rather, he only asserts arguments challenging the validity of his judgment of conviction and sentence. The government also only addresses Clements's arguments concerning the validity of his conviction and sentence. Clements has also requested the appointment of counsel.
 
 
 5
 Upon review, we conclude that we have jurisdiction over this appeal as brought only from the order denying his motion for transcripts. The district court's order of February 2, 1995, denying Clements's motion for transcripts constitutes a post-judgment order and completely disposes of the issue raised in the motion. See Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1224-25 (7th Cir.1993) (order that is terminus of case in district court is final for purposes of appeal); Transportation Cybernetics, Inc. v. Forest Transit Comm'n, 950 F.2d 350, 352-53 (7th Cir.1991) (post-judgment order need not dispose of all issues in lawsuit, but only those issues raised in post-judgment motion).
 
 
 6
 Clements's appeal from the district court's February 2 order does not bring up for review Clements's judgment of conviction and sentence. Clements's judgment of conviction and sentence was entered on the docket on November 30, 1994. Therefore, a timely appeal from the judgment of conviction and sentence should have been taken within ten days after the entry of the judgment of conviction. See Fed.R.App.P. 4(b); United States v. Wrice, 954 F.2d 406, 408 (6th Cir.) (per curiam), cert. denied, 504 U.S. 945 (1992). Clements did not file his appeal until February 16, 1995, well after the expiration of the ten day period. Furthermore, there is nothing in the record which can be construed as a motion for an extension of time in which to file a timely notice of appeal. See Fed.R.App.P. 4(b). Clements filed his motion for transcripts well after both the periods for a timely notice of appeal and for seeking an extension of time to file a timely notice of appeal had elapsed. Moreover, a review of the motion for transcripts reflects that Clements did not seek an extension of time to file a timely notice of appeal. As Clements filed his appeal over ten days after the entry of his judgment of conviction and sentence, the court is without jurisdiction to consider any challenge to his conviction and sentence.
 
 
 7
 A review of Clements's appellate brief indicates that Clements has abandoned his challenge to the denial of his motion for transcripts. This is so because Clements does not raise any challenge to the district's order denying his motion. Because this issue has not been raised on appeal, we may consider it abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 8
 Nonetheless, we conclude that the district court properly denied Clements's motion for trial and sentencing transcripts at government expense because Clements failed to file a timely appeal from his judgment of conviction and sentence and because he did not assert any grounds for challenging his conviction at the time he filed his motion for transcripts. See United States v. MacCollom, 426 U.S. 317, 325 (1976); see also Bentley v. United States, 431 F.2d 250, 254 (6th Cir.1970) (defendant is not entitled to a free transcript in order to search the transcript for yet unasserted grounds to support a motion to vacate under 28 U.S.C. § 2255), cert. denied, 401 U.S. 920 (1971).
 
 
 9
 Accordingly, we deny the appointment of counsel and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation