**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glenn Ray ALCORN, Defendant–
Appellant.**

No. 00–5635.

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

Before MARTIN, Chief Judge;
MOORE, Circuit Judge; and TARNOW,*
District Judge.

* The Honorable Arthur J. Tarnow, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

*ORDER*

This federal prisoner appeals a district court judgment denying his motion for transcripts of his criminal trial at government expense under 28 U.S.C. § 753(f). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Glenn Alcorn was named in a multiple count indictment in connection with a methamphetamine distribution conspiracy. A jury found Alcorn guilty of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Alcorn has filed a direct appeal from his judgment of conviction in Case No. 99–6565 and an appeal from an order denying his motion for a copy of counsel's expense voucher in Case No. 00–5471.

In the instant case, Alcorn seeks to appeal the denial of his motion for transcripts under 28 U.S.C. § 753(f) of his criminal trial so he could file a 28 U.S.C. § 2255 motion to vacate. The district court denied the motion by marginal notation. The parties have filed briefs. Alcorn moves for miscellaneous relief.

Upon review, we conclude that the district court properly denied Alcorn's motion because Alcorn simply does not have a right to a transcript at government expense under 28 U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a motion to vacate his sentence under 28 U.S.C. § 2255. *See United*

*States v. Losing,* 601 F.2d 351, 352 (8th Cir.1979) (per curiam) (no right to free transcript before motion to vacate is filed); *Bentley v. United States,* 431 F.2d 250, 254 (6th Cir.1970) (a case and nonfrivolous issue must exist to warrant a free transcript under § 753(f)); *see also United States v. MacCollom,* 426 U.S. 317, 325–29, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (requirements in § 753(f) for a free transcript do not violate the Due Process or Equal Protection Clauses).

Accordingly, we hereby deny Alcorn's motion for miscellaneous relief and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.