UNITED STATES of America, Plaintiff–Appellee,

v.

Wilhelmina D. WILSON, Defendant–Appellant.

No. 01–1070.

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2002.

Before SILER and MOORE, Circuit Judges; and MCKINLEY, District Judge.*

*ORDER*

Wilhemina D. Wilson appeals pro se from a district court order that denied her motion for the production of transcripts relating to her criminal conviction. Her appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1992, a federal jury convicted Wilson of conspiring to use and actually using the

---

* The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

facilities of interstate commerce to commit a murder for hire. *See* 18 U.S.C. §§ 371 *and* 1958(a). She was sentenced to twenty-nine years of imprisonment, and that sentence was affirmed on direct appeal.

In 1997, Wilson moved to vacate her sentence under 28 U.S.C. § 2255. The district court denied this motion on June 22, 1999, but Wilson did not file a timely appeal. Therefore, the merits of her § 2255 claims are not directly at issue here.

Wilson later moved for an order requiring the government to provide her with the transcripts from her criminal case. The district court denied this motion on November 28, 2000, as Wilson had no pending litigation and had not offered any substantive arguments or presentation of issues to support her request. It is from this judgment that she now appeals, moving for the appointment of counsel and for leave to file a second or successive § 2255 motion.

Wilson's brief does not contain any clear arguments regarding the district court's denial of her motion for transcripts. Therefore, she has abandoned that issue for purposes of appellate review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001). Nevertheless, we note that the court acted within its discretion by denying Wilson's motion because she failed to show that her case was not frivolous and that it raised a substantial question for review, as required by 28 U.S.C. § 753(f).

Wilson summarily asserted that transcripts were needed "to proceed in any other issues that may be deemed necessary in my defense for any other actions that entitle relief to this petitioner." The district court was not required to provide Wilson with transcripts so that she might search for new post-conviction claims. *See Bentley v. United States,* 431 F.2d 250, 254 (6th Cir.1970). Thus, the court acted within its discretion by denying Wilson's mo-

tion, as she did not make the showing that is required by § 753(f). *See Harvey v. Andrist,* 754 F.2d 569, 571 (5th Cir.1985).

Wilson now seeks leave to file a second or successive § 2255 motion, primarily alleging that her conviction and sentence violated the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). She must obtain our court's permission to file such a motion in the district court. *See* 28 U.S.C. § 2244(b). To obtain this permission, Wilson must make a prima facie showing: 1) that there is newly discovered evidence which if proven sufficiently establishes that no reasonable factfinder would have found her guilty; or 2) that a new rule of constitutional law applies to her case which the Supreme Court has made retroactive to cases on collateral review. *See id.*

Wilson has not satisfied the first requirement of this test because her proposed *Apprendi* claim is not based on newly discovered evidence. She has not met the second requirement because the decision in *Apprendi* was not made retroactive to cases on collateral review. *See In re Clemmons,* 259 F.3d 489, 492–93 (6th Cir. 2001). Indeed, a panel of our court has already denied a separate § 2244 motion, in which Wilson sought leave to raise an *Apprendi* claim. *In re Wilson,* No. 01–2430 (6th Cir. Apr. 26, 2002) (unpublished order).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.